LEVY v. SAYLE.

1. MORTGAGES: *To secure future advances: Recoupment.*
   Where a mortgage is executed to secure the price of goods to be thereafter fur-
   nished by the mortgagee upon the demand of the mortgagor, and the mortga-
   gee, after furnishing part of the goods stipulated for, refuses to supply the resi-
   due, he may recover the value of the goods actually advanced. But his right
   to such recovery is subject to the right of the mortgagor to have the amount
   thereof reduced to the extent of any loss directly traceable to the mortgagee's
   breach of the contract, and fairly within the contemplation of the contracting
   parties, as a natural result of such breach, and which could not have been
   avoided by reasonable effort on the part of the mortgagor.

2. SAME: *Same:*
   In an action by such mortgagee to recover for the goods furnished, an answer set-
   ting up a counter-claim, arising out of the plaintiff's breach of the contract, but
   which fails to allege any substantial loss, or state any fact entitling the defend-
   ant to recoup more than nominal damages, is insufficient on demurrer where
   the contract itself contains no guide for the measurement of damages.

APPEAL from *Jefferson* Circuit Court.

J. A. WILLIAMS, Judge.

The appellees, Sayle & Co., brought an action against the
appellant, Levy, upon his note for $252.83, and upon an ac-
count amounting to $257.39.

The answer of the appellant admits that he executed the
note sued on and afterward purchased certain other goods and
merchandise aggregating (including the note) $502, but states
that the whole of said indebtedness was contracted under an
agreement with the appellees by which they agreed to furnish
him during the year 1885, goods and merchandise, upon his
application, to the amount and value of $1250, to assist him in
carrying on his mercantile business—the amount to be due and
payable on December 1, 1885; and that to secure and make

certain the payment to appellees of said debt, he executed a deed of trust upon his homestead, which was of ample value to protect the appellees. That after appellees had furnished goods to the value of $242.03, they demanded from appellant his note for said sum, due in ninety days, with 10 per cent. interest after maturity, and promised appellant that if the note was not paid at maturity, the same should be renewed, and that under this agreement the note sued on was given. That appellees continued to supply him with goods under the contract to the amount (including the note) of $502, and for the amount of the open account they demanded another note for said sum of like tenor and effect, which appellant declined to execute. That appellees notified him that unless he executed the note they would not furnish him any more goods, and would permit his note given them to go to protest. That he still declined, and they had failed and refused to carry out their contract, and permitted the note to go to protest, and had circulated the report that he had defaulted in payment of his commercial paper, thereby injuring him in his commercial standing. That he had made contracts to supply various planters, to assist them in making their crops, based upon the contract with appellees, and likewise was forced to make default in this respect. He says that his homestead, upon which he gave appellees a deed of trust, was his most available asset on which to secure credit, and he could not negotiate for credit upon the same, owing to the incumbrance in favor of appellees, and was therefore almost bankrupt by the failure of the appellees to comply with their contract.

The deed of trust, which is exhibited with and made part of the answer, contains the following provision: "This conveyance is in trust, nevertheless, that whereas, the said party of the first part (Levy) is, or will be, indebted to the party of the third part (Sayle & Co.), and the said parties of the third part agree and obligate themselves to furnish, on demand of the first party, goods and merchandise to assist and enable said

first party to carry on his mercantile business to, the amount of $1250, more or less, as may be necessary in the said business ; the exact amount to be ascertained from the books of said third parties, the whole to be due and payable on the first day of December, 1885. Now, if said party of the first part shall well and truly pay unto the said parties of the third part," etc., stating the usual conditions.

A demurrer to the answer was sustained, and the defendant declining to plead further, judgment was rendered against him for the sums sued for and interest.

. *N. T. White*, for appellant.

1.   The demurrer admits that appellees violated their contract and refused to carry it out. The rule is that plaintiff must be without fault in the thing of which he complains, and the defendant must be in fault. *Bish. on Cont., sec. 1418, note 6.* For every breach of a contract the law implies some damages, however slight. *44 Ark., 439; 35 id., 492.* Every person is entitled to a certain remedy in law for all injuries or wrongs he may receive in person, property or character. *Const., art. 2, sec. 13 ; 3 Pars. on Cont., sec. 9, p. 217 ; 1 Smith Lead. Cases, 105; 3 Sum., 189; 2 Greenl. Ev., 254; 2 Suth. on Dam., pp. 248-265, 297-8-9.* Appellant was certainly entitled to nominal damages, and in our view, much more. The only fault attributed to appellant is the failure to execute notes and pay interest, which by the contract he was not required to do.

A contract by which the amount to be performed by the one, and the consideration to be paid by the other, are made certain and fixed, cannot be apportioned, and the right to recover in one depends upon his having complied with the terms of his contract, or at least a willingness on his part to fully comply therewith. *2 Pars. on Cont., p. 520; 9 Ark., 394; 22 id., 158; 19 id., 262; 2 Pick., 267, notes.* Even when the contract is apportionable and the party entitled to recover the value

of the goods sold, the right is subject to the right of the purchaser to *recoup* the damages he has sustained by reason of the failure of the seller to comply with the contract. *1 Parsons on Cont., p. 558, note "W."* See, also, *13 Wend., 258; 16 Barb., 36; 5 Denio, 406; 16 Ohio, 238; Bish. on Cont., 1421; Benj. on Sales (4th ed.), sec. 871, note "G."*

2. The note was given without consideration and for the accommodation of appellees, and no suit should be maintained thereon.

*J. W. Crawford* and *W. S. McCain*, for appellees.

1. Counsel admits that when there is an entire contract to deliver goods consisting of distinct parcels within a specified time, and the seller delivers part and the purchaser retains the part delivered after the seller has failed to perform his contract, the seller may recover the value of the goods delivered, subject to the right of recoupment for damages for failure to comply in full with the contract. *2 Pars. on Cont., \*p. 523; 9 B. & C., 386; 33 Ark., 755; 3 Ark. (An. ed.), note 2; 39 Ark., 280; 5 id., 651; 46 Mo., 320; Sedgw. on Dam., 254.*

2. Appellant suffered no damages. The measure of damage when a vendor fails to deliver goods, is the difference between the contract price and the value of the goods at the time they should have been delivered. *Sedgw. on Dam., 260; 6 McLean, 102; 2 Suth. on Dam., 254 and 365; 39 N. W. Rep., 887; Benj. on Sales, sec. 870; 3 Wheat., 200; 6 Wheat., 109; 2 Ark., 397; 47 Ark., 519; Hare on Cont., 446; 7 Hill, 61.* If the market price, at the time of delivery, was as low, or lower than the contract price, the plaintiff is entitled to no damages. *3 Pars. on Cont., \*p. 204; 6 McLean, 497; Sedgw. Dam., 260.* There can be no damage where there is no contract price. All defendant had to do was to go into the market and buy, and thus avoid all damage. *2 B. & C., 624.*

The damages claimed are too remote. *36 Ark., 36; 2 Gr. Ev. (Redf. ed.), 256, note 4; 3 Pars. on Cont., \*p. 178.* Profits are not included. *Ib., \*181; 2 Gr. Ev., 256, note 5,* especially

those arising from collateral undertakings. *Wood's Mesne Dam.* (*1st Am. ed.*), *p. 14, sec. 12; 30 Ark., 50; 34 id., 767; 37 id., 620; 12 Mo., 313; 30 id., 491.*

While the weight of authority seems to be that for the violation of every legal right, nominal damages, at least, are allowed, yet there are authorities the other way. *23 Md., 531; 18 id., 479; 8 Humph., 225; 22 Vt., 231.* But the allowance of nominal damages in this case, would not have altered the judgment. *De minimis non curat lex.* A judgment which is only erroneous for not giving nominal damages, will not be reversed unless such damages would entitle plaintiff to costs. *9 Mich., 32; 1 John. C., 256; 5 Md., 250; 1 Suth. on Dam., p. 815, note 2; 6 S. E. Rep., 165.*

COCKRILL, C. J. Where a mortgage is executed to secure to the mortgagee the price of goods thereafter to be furnished upon the demand of the mortgagor, and the mortgagee violates his contract after it is partially performed, the rule governing the rights of the parties under the contract is fully and concisely stated by Judge Campbell, of Mississippi, in the following language: "We hold the contract evidenced by the deed of trust not to be an entire contract, but separable, and hence apportionable, so that the parties who furnished supplies under it are entitled to enforce their security *pro tanto,* subject to the right of the grantors in the deed of trust to have a reduction of the demand of the creditors to the extent of any loss directly traceable to the breach of contract by the other party and fairly within the contemplation of the contracting parties, as a natural result from such breach of contract, and which could not by reasonable effort have been avoided by the parties disappointed." *Coleman v. Galbreath, 53 Miss., 303.* See *Grisard v. Petty, 45 Ark., 117.*

The question here is, do the allegations of the defendant's answer bring him within the rule? The contract itself furnishes no guide for the measure of damages, and the recoupment by the defendant could be only nominal and inappreciable in the

1. MORTGA-GES:
To secure future advances: Recoupment

2. SAME:

absence of allegations of actual, substantial loss arising from the violation of the contract. *Ry. v. Mudford, 44 Ark., 439.*

It is not alleged that the same class of goods which the plaintiff had agreed to furnish, could not have been purchased in the market; or that the mortgage, which the defendant had executed to the plaintiff, had hindered or impeded him in getting credit from others for such goods; or, that he was without means, or other property to furnish a basis of credit, to purchase them; nor is any other fact alleged upon which a recovery of more than nominal damages could be sustained. Moreover, the answer alleges what was, probably, a sufficient excuse on the part of the plaintiff for refusing to furnish additional goods.

Affirm.