LESS *v*. ENGLISH.

Opinion delivered May 6, 1905.

1. ˙CONTRACT—WHEN APPORTIONABLE.—Where a contract provided for a .loan of $4,500, to be evidenced by nine notes of $500 each, and secured by a mortgage which recited that if default be made in the payment of said notes, or either of them, then the whole of said indebtedness should become due, and the lender was unable to lend the entire amount, but furnished $2,000, which sum was accepted by the borrower, and made arrangements for another to furnish the remainder on the same terms, the contract was apportionable, and the lender was entitled to enforce his lien for the amount furnished. (Page 292.)

2. DEFECT OF PARTIES—WAIVER.—An objection that there is a defect of parties, not raised by demurrer or answer, is deemed to have been waived. (Page 296.)

3. LIS PENDENS—TITLE OF SUBSEQUENT PURCHASER.—One who purchases the title of a mortgagor in the mortgaged premises during the pendency of a suit to foreclose the mortgage takes subject thereto. (Page 296.)

4. TRUST—DEATH OF TRUSTEE.—Equity will not permit a trust to fail because of the death of the trustee. (Page 296.)

Appeal from Lawrence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Affirmed.

### STATEMENT BY THE COURT.

On the 1st day of May, 1893, the appellant, Isaac Less, applied to Michael English for a loan of $4,500, and on that date, in order to secure the same, executed and delivered to English nine notes, each in the sum of $500, payable two years after date, with interest at the rate of 10 per cent. per annum, and a deed of trust to M. D. Baber on lot 1 and north half of lot 2, in block 26, and lot 7, in block 17, in the town of Walnut Ridge. The deed of trust was executed by Isaac Less, his wife, Gussie Less, and M. D. Baber; was delivered to Baber on the date it was executed, and was filed for record on May 11, 1903, in the recorder's office of Lawrence County. English, at the time of the delivery of the mortgage, advanced Less $2,000 on the loan. He did not at the time have the rest of the money, and told Less he thought he could get it, and let him have it about the 20th of July. He was unable to obtain the money in July, and at once notified Less, and procured Mr. John K. Gibson, of Powhatan, to arrange for a loan for English for the additional $2,500. English offered to allow Less to return the money he advanced him without interest, or to credit his mortgage with the $2,500 which he was unable to obtain, so as to enable Less to place a second mortgage on the property. Less declined to accept either offer, but insisted upon a cancellation of the notes and the forfeiture of the amount so advanced by English.

On January 31, 1894, English filed a bill in the United States Circuit Court for the Western Division of the Eastern District of Arkansas against Isaac Less and Gussie Less to foreclose the mortgage on account of the failure and refusal of Less to comply

19

with certain conditions contained in that instrument. On January 24, 1896, a decree of foreclosure for the amount advanced Less by English, with interest thereon, was entered, from which an appeal was prayed to the United States Circuit Court of Appeals. The decree was reversed by a divided court on a jurisdictional question. The proceeding was subsequently dismissed.

Isaac Less brought suit, on August 29, 1898, in the Lawrence Circuit Court, to recover damages which, he alleged, he sustained on account of a breach of contract by Michael English in failing to advance him $4,500, for four notes and a deed of trust to M. D. Baber for said English, he (said English) having only advanced $2,000 of said $4,500.

To this English, who was a nonresident, filed an answer and cross bill on March 13, 1899. In the answer he denied the damages, and in the cross bill he asked for foreclosure of the deed of trust, and a decree for $2,000 and interest on said four notes. The notes were payable two years from date, and bore interest at the rate of 10 per cent. per annum from date until paid. The property described in the deed of trust included that claimed by the appellant Gussie Less.

The deed of trust shows no credits thereon. The cross bill prayed that Gussie Less be made a party defendant, and for a decree as to her as well as Isaac Less. No summons was issued as to her. M. D. Baber was not made a party.

Less filed his answer to this cross-complaint, setting up in recoupment damages as claimed in his original complaint; also set up the defense that the contract to loan him $4,500 and his execution of his nine notes and deed of trust was an entire and indivisible contract, and that, as English had failed and refused to perform his contract, he (English) could not maintain an action upon the nine notes and deed of trust; and that if he (English) had any cause of action against him, it would be for money had and received, and that said action would be barred by limitation; and also that said notes were delivered to M. D. Baber in escrow, and that same had not been delivered to English under the terms of the delivery to Baber.

The case was transferred to equity.

On December 4, 1901, Gussie Less filed a petition as intervener. She set up ownership of the land in controversy through various parties who claimed through Isaac Less since execution of the mortgage. She alleged that Berger and herself had been in the actual adverse possession of the premises for the period of five years, and pleaded the statute of limitations. She also alleged therein that there had been no credits on the margin of the record of mortgages within five years next after the maturing of the notes set forth in said deed of trust under which English claimed, and pleaded the statute of limitations as to this deed of trust. And she adopted the answer of Isaac Less to the cross bill. She prayed that no relief be extended to the appellee under the deed of trust as to said property against her.

English filed two answers to this petition, one denying that Gussie Less was the owner of the lots, or that she held adverse possession thereof; the other, that he did not know anything about the sale of said property under execution or the sale to Pauline Less, and therefore denied the same, and asked strict proof; and that if they were made, they were fraudulent as to the creditors of Isaac Less, including himself.

At the September term of Lawrence Circuit Court, 1901, a decree was entered, denying the relief prayed by Less and foreclosing the mortgage for the amount of the loan that had been advanced by English to Less, with interest, from which an appeal was prayed.

*W. E. Beloate* and *Morris M. Cohn,* for appellant.

The trustee and beneficiary were necessary parties. 2 Jones, Mortg. 1384. The conveyance by Less to his wife was not fraudulent. 68 Pa. St. 297; 108 N. C. 651. A conveyance is fraudulent only as to a party who is in a position to assail it. 45 Oh. St. 184; 65 Me. 195; 3 La. Ann. 58; 31 Pa. St. 241; 52 Ark. 171; 89 Mo. 319; 80 Mo. 504; 50 Am. Rep. 510; Bump, Fr. Con. 451; 100 Pa. St. 59, 165; 104 Pa. St. 222; 46 Me. 438; 53 Ill. 275; 48 Mo. 344. The debt is barred. 33 Ark. 151; 30 Ark. 340; 34 Ark. 547; 48 Ark. 312; 23 Ark. 362; 50 Ark. 340; Tyler, Ejec. 865; Sand. & H. Dig. § 5094; 66 Ark. 204; 65 Ark. 1; 64 Ark. 305, 317. It was error to authorize execution or garnishment

against Mrs. Less' property.  66 Ark. 113; 65 Ark. 121; 35 Ark. 365; 39 Ark. 238; 29 Ark. 351.

*W. E. Beloate,* for Isaac Less, appellant.

Before appellee can obtain any right under the contract, he must fulfill his contract.  65 Ark. 320; 64 Ark. 228; 7 Ark. 121; Bisp. Eq. 375; 22 N. Y. 217; 13 John. 359; 8 Cow. 63; 20 N. Y. 486; 22 N. Y. 462; 25 N. Y. 272; 61 Ark. 312; 13 John. 94; 38 Ark. 102; 28 Ark. 387; 9 Ark. 501; 12 N. E. 495; 21 N. Y. 398; 45 N. Y. 162; 21 Ark. 95; 52 Ark. 246.

*J. M. Moore* and *W. B. Smith,* for appellee.

The instrument was delivered as security· for the loan.  9 Ark. 36; 5 Ark. 377; 52 Ark. 493.  The plaintiff cannot recover damages by reason of his own want of diligence.  Suth. Dam. 149.  No cause of action for damages accrued to Less.  9 Exch. 341; 48 Ark. 509; 53 Ark. 443; 54 Ark. 24; 77 Ill. 161.  The contract for the erection of the house was collateral, and not directly connected with the contract with English.  7 Hill, 68; 7 Cush. 517; 52 S. W. 580; 57 Ark. 207; 36 Ark. 524; 21 Ark. 433; 45 Am. Rep. 121; 3 Wash. 68.  Damages for prospective rents could not be recovered.  58 Tex. 456; 63 Texas, 386; 34 C. C. A. 452; 92 Fed. 499; 85 Fed. 476.  The statute of limitations is no defense.  49 Ark. 248; 65 Ark. 491.  The suit was instituted in due time.  53 Ia. 367; 17 Fed. 301; Bennett, Lis. Pen. § 157; 24 Ark. 352; 37 La. Ann. 771; 49 N. C. 206; 37 N. H. 447; Angell, Lim. 486; 36 Ia. 582; 17 Kan. 13; 68 Ark. 257, 348; 9 Wheat. 499.

WOOD, J., (after stating the facts.)  The issues between appellee and Isaac Less, and between appellee and Gussie Less are different.  We will therefore treat them separately.

First.  The contract evidenced by the notes and deed of trust was not indivisible, as assumed by learned counsel for appellants.  Excerpts from the deed of trust applicable here are as follows:

"Whereas, the said Isaac Less is justly indebted to the said party of the third part in full sum of $4,500, which is evidenced

by nine notes of even date herewith for the sum of $500 each, each of said notes being payable on or before two years after date, and bearing 10 per cent. interest from date," etc.

"Now, if said Isaac Less, his heirs, executors or administrators, shall pay the sum of money specified in said nine promissory notes, with all the interest that may be due thereon, when the same shall become due and payable according to the tenor and effect thereof, and shall faithfully keep and perform the agreements aforesaid, and concerning the payment of taxes aforesaid, then this deed shall be void, and the property hereinbefore conveyed shall be released at the expense of said party of the first part; but if default be made in the payment of said promissory notes, or either of them, or the interest thereon, according to the tenor and effect thereof, or in the faithful performance of said agreement to keep said edifices insured and pay all taxes lawfully imposed on said property, then, and in that event, or either of them, the whole of said indebtedness, and each and all of said notes, shall become due and be considered due and payable as if due and payable according to the tenor thereof, and this deed shall remain in full force and effect, and the said party of the second part may proceed to sell the said property hereinbefore described, or so much thereof as may be necessary to fully satisfy and discharge the said indebtedness, together with all interest thereon."

There were nine notes, each in the following form:

"$500.00.

"On or before two years after date I promise to pay M. English five hundred dollars, for value received, to bear interest from date at the rate of 10 per cent. until paid.

(Signed)                                    "I. LESS."

There is nothing here to show an entire and indivisible contract. On the contrary, the fact that the parties on the one side executed, and on the other accepted, nine notes of $500 each, instead of one note for $4,500; and the fact that the deed of trust recited that "if default be made in the payment of said promissory notes, or either of them," and that in case default be made in certain requirements prescribed in the deed of trust, such

as keeping up insurance, payment of taxes, etc., then "the whole of said indebtedness, and each and all of said notes, shall become due and payable—these facts rather indicate to us that the parties contemplated that each note, as well as the entire sum of all the notes, should be secured by the deed of trust. Each note is complete in itself, without reference to the others, and represents an obligation to pay the sum named therein. The deed of trust and notes and the parol testimony not inconsistent therewith convince us that English and the appellant, Isaac Less, intended by the contract into which they entered that English should loan Less $4,500; that this loan should be evidenced by notes in the sum of $500 each until the entire amount was advanced, and that the sums advanced, to the extent of $4,500, should be secured by the deed of trust of the property named therein. If the parties did not intend that each note should constitute a single and independent obligation, why did they not have the entire sum which appellee agreed to advance evidenced by one note? It will be observed that all the notes were executed on the same day, and were payable at the same time. How easy it would have been, if the parties only intended one obligation and one inseparable contract, to have made but one note, instead of nine.

The contract was fully executed on the part of appellant Less by the execution of the notes and deed of trust and the delivery of same to the trustee, Baber, who was the agent or representative of Michael English as beneficiary or *cestui que trust* in the trust deed. The fact that this was an apportionable contract is clearly evidenced by appellant Less' conduct in accepting the loan of $2,000 when he was notified that the entire sum expected could not be had at once. He certainly treated it as apportionable then. Why did he not refuse the $2,000 when offered and called for a rescission and cancellation of the notes and mortgage? It appears that on account of unexpected contingencies English was not able to advance the whole amount promised at the time the notes and deed of trust were executed. Less was advised of this, and he was promised balance later on in July. If he intended that the contract should be entire and unapportionable, then was the time for him to speak. That he

did not refuse to accept the money is proof convincing that he did not then conceive the idea of an inseparable contract.

It appears that appellee, while not able to furnish the balance himself, had procured another who was willing to furnish it to appellant on practically the same terms. At least, there is nothing in the record to show that the terms would have been more burdensome to appellant. Then it appears appellant conceived the idea of an indivisible contract, and refused to borrow the balance from another except upon condition that appellee forfeit the entire amount he had advanced. The contract of appellant as disclosed by the record convinces us that this idea with him was an afterthought for the purpose solely of defeating an honest obligation. Appellee proposed to accept $2,000 without interest and to surrender notes and credit mortgage with balance of $2,500. But no, appellant Less wanted his pound of flesh. His conduct was unconscionable, and it would be monstrous for a court of equity to allow him to profit by it.

This case, on this point, comes clearly within the rule announced by this court, through Chief Justice Cockrill, in *Levy* v. *Sayle,* 52 Ark. 246. In that case we held that a mortgagee who failed or refused to furnish all the money or supplies which he had agreed to advance might recover the advance actually made, and that the mortgage would stand as security therefor, subject to the right of the mortgagor to have the amount reduced to the extent of any loss directly traceable to the mortgagee's breach of the contract, and fairly within the contemplation of the contracting parties as the natural result of such breach.

The recitals in the mortgage and the facts of that case were not precisely the same as here, but the facts of this case do not differentiate it in principle from that.

"An apportionable contract enables a certain part of the payment or performance on one side to be recovered before the whole consideration has been given by the other side, but there is nevertheless but a single contract." 2 Parsons on Cont. § 4, p. * 517, note 1.

Second. The trial court did not allow appellant Isaac Less any damages by way of recoupment for the failure of appellee to

comply with his part of the contract. The court was correct in this. Appellant's counsel have not insisted here upon any error in this respect; we presume, for the reason that they contend that the contract was entire and indivisible. They say: "As to the plaintiff's original cause of action, we leave that to the sound discretion of the court to give such relief as may be proper under the facts." The testimony on the question of damages is rather voluminous. We will not go into it, because it would involve, for the most part, a lengthy discussion of facts. Suffice it to say, the court was right in not allowing appellant Isaac Less relief on his complaint, or any damages by way of counterclaim.

Third. The questions presented in brief of counsel on appeal of Gussie Less are:

1. "Inadequacy of parties." Counsel contend that the trustee, Baber, was an indispensable party to the suit. We do not find that this question was raised in the lower court by demurrer or answer. Hence appellants have waived it. Kirby's Dig. § § 6093, 6096.

Moreover, the cross bill expressly alleges "the death of the trustee, Baber, making a resort to judicial proceedings necessary." The chancery court would not let the trust fail for lack of a trustee.

2. Appellant Gussie Less set up the five years' statute of limitations in bar of appellee's right to foreclose. It appears that the sole object of the intervention of Mrs. Gussie Less was to set up in opposition to the mortgage the bar of the five years' statute of limitations under a title alleged to have been acquired since the execution of the mortgage. But, as all the rights of Peter English against Isaac Less under the mortgage were saved by the filing of his cross bill to foreclose in time, no subsequently acquired title through Isaac Less could affect English's right of foreclosure under the mortgage.

It is therefore unnecessary for us to pass upon the question as to whether the conveyances to Gussie Less were fraudulent.

Affirmed.