TOMLINSON CHAIR MANUFACTURING CO. *v.* JOP-PA
MATTRESS CO.

Opinion delivered March 13, 1916.

1.  PARTIES—DEFECT—WAIVER.—Where the defendant failed to raise the question of the defect of parties in the lower court, he will be held to have waived the same.

2.  FACTORS AND BROKERS—RELATIONSHIP OF BROKER.—When one P. was not employed to make sales for it by appellant, but where he did negotiate sales between appellant and merchants receiving a compensation by way of a commission, P. will be treated as a broker and not a salesman.

Appeal from Pulaski Circuit Court; *Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant instituted this action against appellee before a justice of the peace to recover the sum of $30, the purchase price of a shipment of furniture ordered by the latter from the former.

Appellee admitted the indebtedness but pleaded a set-off of $28.45, being an amount alleged to be due it as commissions by appellant on account of goods sold for appellant. Appellee stated that it had tendered appellant $1.55, the difference between the two claims.

The justice of the peace found the issues in favor of appellee and appellant filed an affidavit and bond for appeal to the circuit court. There the case was tried before a jury on the following facts:

Appellant is a corporation engaged in the manufacture and sale of chairs by wholesale in the State of North Carolina. Appellee is a corporation engaged in business in the city of Little Rock, Ark.

Q. L. Porter was the president and manager of appellee. He also did a brokerage business in the sale of furniture; that is to say, he purchased furniture in job lots from various wholesale houses, and sold it to merchants. It was understood between him and appellee that his brokerage commission should go to the latter. Porter had been dealing with appellant in this way for several years. He testified that during all this time he had sub-agents under him and that he paid them 5 per cent. for making sales; that appellant knew of this fact and also paid him a regular commission of 6 per cent.

The managing officers of appellant testified that they did not know that Porter had been employing sub-agents and that he was paying them 5 per cent. They stated that he had no authority whatever to do this.

Madden, an agent of Porter, reported to him that he could secure an order for chairs for the Little Rock Storage & Sales Company. When a car load of chairs was purchased from appellant a discount of 10 per cent. was allowed.

Porter testified that he ordered from appellant a car load of chairs to be shipped to the Little Rock Storage & Sales Company and that the discount marked on the order was 5 per cent.; that it was understood between him and the Little Rock Storage & Sales Company, that appellee should take part of the chairs. He stated that it had been his custom to send in orders that way and that 5 per cent. discount was allowed to the customer to whom the goods were sent and that the remaining 5 per cent. was paid to him.

The managing officers of appellant testified that no such custom existed and that they billed out the order as it came to it. That the order as it came in showed that the regular 10 per cent. discount was to be allowed to the customer to whom the goods were shipped. They denied that the order was changed after they received it and claimed that Porter was not entitled to the 5 per cent. discount either by express contract with them or by any custom of trade existing between him and appellant.

Other facts will be referred to in the opinion.

The jury returned a verdict for appellant in the sum of $1.55 and the case is here on appeal.

*R. M. Mann* and *Price Shofner,* for appellant.

1. If appellee had any claim it was by assignment from Porter. An assignee can not bring suit on an open account without making the assignor a party. 80 Ark. 167; 79 *Id.* 414.

2. Instructions excluding and ignoring all other issues except the changing of the order and loss of commission are improper. 93 Ark. 564; 95 *Id.* 108.

3. There is no evidence to support the verdict.

*J. H. Carmichael* and *John F. Clifford,* for appellee.

1. No assignment of the claim was necessary. The proof shows that all commissions earned by Porter belonged to appellee.

2. The appellant accepted the order tendered it on terms of similar previous orders and is bound thereby. 24 Ark. 371; 19 *Id.* 270, 277.

3. Porter was a salesman for appellant but a broker. 11 S. W. 694.

4. The evidence though conflicting supports the verdict. 90 Ark. 100; 76 *Id.* 88; 102 *Id.* 103; 82 *Id.* 381.

HART, J., (after stating the facts). Counsel for appellant asked the court to instruct the jury that appellee was not entitled to recover because its claim against appellant was not assignable under our statutes and Porter the assignor had not been made a party to the action.

The case originated before a justice of the peace and no objection was made in that court that Porter had not been made a party to the action. When the case reached the circuit court no objection was made that he was not a party until the court began to instruct the jury.

Section 6093 of Kirby's Digest provides that the defendant may demur to the complaint where it appears on its face that there is a defect of parties.

Section 6096 provides that when any of the matters enumerated in 6093 do not appear upon the face of the complaint, the objection may be taken by answer. It further provides that if no such objection is taken either by demurrer or answer, the defendant shall be deemed to have waived the same.

(1) Appellant failed to raise the objection of the defect of parties in the language pointed out by these statutes and has therefore waived the same. *Jordan* v. *Muse,* 88 Ark. 587; *Spear Mining Co.* v. *Shinn,* 93 Ark. 346; *Less* v. *English,* 75 Ark. 288; *St. L. S. W. Ry. Co.* v. *Vanderberg,* 91 Ark. 252. It follows the court did not err in refusing to instruct the jury as requested by counsel for appellant.

According to the testimony of Porter, he was not an employee of appellant. He negotiated sales between appellant and merchants and received a compensation by way of commission. He dealt with several wholesale firms in this way and gave his orders to the one he deemed proper. Therefore under his testimony he was a broker and not a salesman of appellant. It could make no differ-

ence whether or not he employed sub-agents to solicit business for him.

According to the testimony of the witnesses for appellant when it shipped out a car load of furniture, the consignee was entitled to a discount of 10 per cent. The witness stated that the order in question when received by appellant called for a discount of 10 per cent. to the consignee. The Little Rock Storage & Sales Company was the consignee and the goods were billed to it at 10 per cent. discount.

Porter testified that it had been the custom of appellant to allow him 5 per cent. discount when he sent the order in that way; that it had been the custom to ship the goods out as directed by him. He testified that he sent in the order for 5 per cent. discount to the Little Rock Storage & Sales Company and that according to custom, appellant knew that he was to receive the remaining 5 per cent.

This disputed question of fact was submitted to the jury under proper instructions. As we have already seen, it is undisputed that appellee owed appellant $30 for a bill of goods and that 5 per cent. discount on the sale in question amounted to $28.45.

The jury returned a verdict for appellant for $1.55. It follows from what we have said that there was sufficient testimony to support the verdict and the judgment will be affirmed.