CARR v. STATE USE SMITH.

Opinion delivered June 2, 1924.

1. BASTARDY—TIME FOR APPEAL FROM COUNTY COURT.—Crawford & Moses' Dig., § 780, providing that appeals from the county court in bastardy cases shall be "as in cases of appeals from judgments of justices of the peace," must be interpreted to refer to the manner of taking appeals from justices of the peace and the time limit of thirty days within which such appeals may be taken.

2. STATUTES—REPEAL.—A general affirmative statute does not repeal a prior particular statute or particular provisions of a prior statute upon the same subject, unless there is an invincible repugnancy between the two.

Appeal from Clay Circuit Court, Eastern District; W. W. Bandy, Judge; affirmed.

J. H. Hawthorne and W. E. Spence, for appellant.

The appellant had the right to appeal at any time within six months after the rendition of the judgment of the county court, by complying with the statute governing appeals from orders and judgments of the county court. C. & M. Digest, § 2287. The statute relied on by appellee, C. & M. Digest, § 780, only applies to the manner or form of taking appeals, and not to the time within which the same must be perfected. 146 Ark. 221; 135 Ark. 219; 140 Ark. 168.

*F. Weldin,* for appellee.

The general law for taking appeals from the county court, C. & M. Digest, § 2287, does not apply; the special statute, C. & M. Digest, § 780, is the one which must control in this class of cases.     80 Ark. 411; 96 Ark. 274; 92 Ark. 148; 65 Ark. 419; 3 Cyc. 1013, defining the word "as;" C. & M. Dig. § 6513, 6515; 102 Ark. 511.

McCULLOCH, C. J.   This is a bastardy proceeding against appellant, instituted in the county court of Clay County for the Eastern District, in the name of the State of Arkansas for the use and benefit of Edith Smith, the mother of the bastard children.   Appellant attempted to prosecute an appeal to the circuit court, but the appeal was dismissed by the circuit court, on motion of appellee, on the ground that the statute governing appeals in such cases was not complied with, in that the appeal was not granted by the term of court and was not taken within thirty days from the date of the judgment appealed from.

Appellant relies on the general statute regulating appeals from judgments of county courts, Crawford & Moses' Digest, § 2287.   This statute was enacted by the General Assembly of 1883 (Acts 1883, p. 48), and provides, in substance, that appeals "from all final orders and judgments of the county court" may be taken at any time within six months after rendition of the same, "either by the court rendering the order or judgment, or by the clerk of the circuit court, with or without supersedeas, as in other cases at law."

The statute regulating bastardy proceedings (chap. 16, Crawford & Moses' Digest) was enacted by the General Assembly of 1875, and approved November 29, 1875.   It contains the following section with reference to appeals:

"Section 780.   An appeal will lie from a judgment of the county court to the circuit court in all cases of bastardy, as in cases of appeals from judgments of justices of the peace to circuit courts; but no appeal shall be granted until affidavit and appeal bond is filed.   When the appeal is granted, the clerk of the county court shall

make, certify and transmit a certified copy of all the papers, judgment and orders of the county court to the circuit clerk, who shall give receipt for such transcript, and also enter the same on the docket of the circuit court.'' Crawford & Moses' Digest.

Appellant contends, in the first place, that the statute last quoted fixes no specific time within which an appeal must be taken, and that, even if it did so by reference to the statute regulating appeals from justices of the peace, it has been repealed by the general statute, *supra,* regulating appeals from county courts. Crawford & Moses' Digest, § 2287. We are unable to agree with appellant in either of the contentions. The language of the statute (Crawford & Moses' Digest, § 780) regulates appeals the same ''as in cases of appeal from judgments of justices of the peace to circuit courts.'' This means in the same time or in like manner and by the same procedure as prescribed for appeals from judgments of justices of the peace. The general statute regulating the practice before justices of the peace and appeals from such judgments (Crawford & Moses' Digest, § 6512 *et seq.*) was enacted by the General Assembly in 1873 (Acts 1873, p. 430), and it prescribes a limit of thirty days within which an appeal could be taken. We are of the opinion that § 780 must be interpreted to refer to the manner of taking appeals from justices of the peace and the time limit within which such appeals may be taken.

Prior to the Constitution of 1874 the jurisdiction in bastardy cases was vested in justices of the peace. Gantt's Digest of 1874, chap. 15. The Constitution of 1874 in express terms transferred that jurisdiction to the county court (art. 7, § 28), and the act of 1875, *supra,* was enacted for the purpose of carrying out the provisions of the Constitution by prescribing a mode of procedure in bastardy cases before the county court. The statute referred to in Gantt's Digest prescribing the procedure before justices of the peace fixes a limitation of thirty days upon the time for appeal to the circuit court, and in this respect the statute was similar to the

general statute (act of 1873, *supra*), prescribing the time and mode of appeal from all judgments of justices of the peace. In other words, the act of 1875 was legislation upon a particular subject regulating the method of appeal in a particular class of cases, and the question is whether the general statute (Crawford & Moses' Digest, § 2287) repeals the former. We think that this question is concluded by decisions of this court. *Baugher* v. *Rudd,* 53 Ark. 417; *Nemier* v. *Bramlett,* 103 Ark. 209; *Wilson* v. *Ward,* 127 Ark. 266. The decision in each of those cases related to the question of repeal by the statute now under consideration (Crawford & Moses' Digest, § 2287) of a section of a statute enacted in 1871, prescribing a mode of appeal from the county court from judgments opening public roads, and this court decided that the general statute referred to above did not repeal the old statute on the particular subject. In *Baugher* v. *Rudd, supra,* the court said:

"The former (the road law of 1871) is a special provision governing a class of cases in which the public interest demanded special protection. The rule of construction is that 'a general affirmative statute does not repeal a prior particular statute, or particular provisions of a prior statute, upon the same subject, unless there is an invincible repugnancy between the two.' "

We discover no distinction between the question involved in these cases cited above and that involved in the present case. Each of the statutes related to "a class of cases in which the public interest demanded special protection," and the language of the opinion in *Baugher* v. *Rudd, supra,* is as applicable to the present case as to that one. We are of the opinion therefore that the circuit court was correct in holding that the appeal was not taken in the manner prescribed by statute, and in dismissing the appeal.

Judgment affirmed.