MORRIS *v.* VARNELL.

5-118                                   258 S. W. 2d 889

Opinion delivered June 15, 1953.

*Tom Kidd,* for appellant.

*Alfred Featherston* and *Arvin A. Ross,* for appellee.

ROBINSON, Justice. Appellant Morris conveyed standing timber by warranty deed to American Excelsior Corporation. Before the timber was removed and prior to the expiration of the time specified for removal, Morris, without mentioning the former conveyance of the timber, sold the land to one Henderson. Henderson placed of record his deed to the land before the timber deed was recorded. Appellee Varnell claims to be the real party in interest so far as the grantee named in the timber deed is concerned, and filed this suit in his own name against Morris for a breach of the covenant of warranty.

In defense of his action in conveying the land to Henderson without mentioning the prior timber deed, appellant claims he dealt with a Mr. McElroy who was agent of the grantee named in the deed, American Excelsior Corporation; and that after a part of the timber was removed McElroy stated they were through and would remove no more timber although about 70 cords, worth $23.50 a cord, had been cut and stacked at considerable expense, but not removed from the land. McElroy did not appear as a witness, and a preponderance of the evidence sustains the Chancellor's finding that appellee Varnell is the real party in interest, and that McElroy had no authority to waive the rights of the timber purchaser.

There was a finding by the Chancellor in favor of appellee for damages in the sum of $1,900. Appellant claims this is excessive; however $500 had to be paid

to Henderson by the purchaser of the timber for permission to remove that part which had been cut and stacked; there were 250 cords with a stumpage value of $5 per cord, equalling $1,250, which Henderson would not permit to be cut; and $150 was allowed as expense incurred in attempting to clear the title to the timber; making a total of $1,900. The evidence fully justifies the amount of damages allowed.

The next question is whether Varnell can maintain the suit alone without having made American Excelsior Corporation a party. The complaint alleges that American Excelsior Corporation is the grantee in the deed and that plaintiff Varnell is the real party in interest. The defendant did not by demurrer or answer raise the issue of whether the excelsior company should be made a party. The answer was only a general denial and plea of the statute of frauds. During the trial when Varnell offered evidence that he was the real party in interest, counsel for the defendant objected, the plaintiff offered to make the excelsior company a party plaintiff, but upon defendant's objection to that procedure the offer was withdrawn.

The issue of defective parties must be raised by demurrer or by the answer; otherwise it is waived. *Less v. English,* 75 Ark. 288, 87 S. W. 477; *Tomlinson Chair Mfg. Co.* v. *Jop-Pa Mattress Co.,* 122 Ark. 566, 184 S. W. 32; *Flanagan* v. *Drainage Dist. No. 17,* 176 Ark. 31, 2 S. W. 2d 70.

Affirmed.