EPPERSON *v.* SHARP.

5-156                                        261 S. W. 2d 267

Opinion delivered October 12, 1953.

*Charles L. Farish* and *John G. Moore,* for appellant.

*Johnston & Rowell,* for appellee.

Robinson, J. This is a bastardy proceeding. On the 14th day of February, 1952, appellee Jewell Dean Sharp filed in the Conway County Court a verified complaint alleging that she was pregnant and that Olen Epperson was the father of her unborn child, and prayed that a warrant be issued for him and that upon a hearing he be declared the father of the child. The cause was styled "Jewell Dean Smith v. Olen Epperson." A warrant was issued on the complaint and affidavit, and on September 19, 1952, Epperson was formally notified that Jewell Dean Sharp had been delivered of the child. On the 6th of November a trial was held by the county court; the judgment recites that the defendant appeared in person and by his attorney and both sides announced ready for trial. A jury was impanelled upon the request of the defendant, and after hearing the testimony of the witnesses and instructions of the court the jury returned a verdict the effect of which was to find that Epperson was the father of the child; and the court rendered judgment against him for $134.35 for lying-in expenses and the sum of $20 per month to be paid to Jewell Dean Sharp until the child attained the age of 14 years.

On the same day Epperson filed an affidavit for appeal to the Circuit Court, and the appeal was allowed by the county court the next day, November 7. The appeal was lodged in the circuit court on the 21st day of November. On January 28, 1953, Jewell Dean Sharp by her attorneys filed a motion to dismiss the appeal for the reason that no appeal bond had been filed. The motion was granted; and Epperson has appealed.

First, appellant contends that Jewell Dean Sharp is not a proper party to the litigation and cannot maintain the suit. It is true that the statutes provide that the prosecuting attorney shall conduct the suit on behalf of the State on all appeals to circuit court in cases of bastardy. Ark. Stats., § 34-710. However, this does not mean that the mother of the child cannot have an attorney to represent her nor does it mean that the suit must be dismissed if the prosecuting attorney does not appear in the case. Ark. Stats., § 34-706, provides for a judgment

for the mother; it could hardly be said that a person who is entitled to a judgment is not a proper party to the suit to obtain the judgment. Moreover the question of proper parties was not raised by the appellant in either the county court or the circuit court. Appellant appeared in the county court with his lawyer and went to trial on the issue of whether he was the father of the child, and did not raise the question as to proper parties; and it does not appear that the question was raised in the circuit court. The issue of defective parties must be raised by demurrer or by the answer; otherwise it is waived. *Morris* v. *Varnell*, 222 Ark. 294, 258 S. W. 2d 889; *Less* v. *English*, 75 Ark. 288, 87 S. W. 447; *Tomlinson Chair Mfg. Co.* v. *Jop-Pa Mattress Co.*, 122 Ark. 566, 187 S. W. 32; *Flanagan* v. *Drainage Dist. No. 17*, 176 Ark. 31, 2 S. W. 2d 70; *Teasley* v. *Thompson*, 204 Ark. 959, 165 S. W. 2d 940.

The appeal must be taken within 30 days from the rendition of the judgment; *Carr* v. *State for Use of Smith*, 164 Ark. 503, 262 S. W. 337. In effect we are urged to overrule the *Carr* case, but we think that case is sound and adhere to the rule therein announced.

The statute specifically provides: "No appeal shall be granted until affidavit and appeal bond is filed." Ark. Stats., § 34-709. There could be no valid appeal without filing the bond as the statute provides, and since this was not done, the trial court was correct in granting the motion to dismiss.

Affirmed.