HOWARD v. STATE, EX REL. STUCKEY.

5-403                                    267 S. W. 2d 763

Opinion delivered May 10, 1954.

*Carl Langston*, for appellant.

*Tom Downie* and *John T. Jernigan*, for appellee.

MINOR W. MILLWEE, Justice. This is a bastardy proceeding instituted in the Pulaski County Court

against appellant by appellee, State of Arkansas, for the use and benefit of the mother of the alleged bastard child. A hearing was held on February 21, 1952, and a judgment was entered March 27, 1952, finding appellant to be the father and ordering him to pay $295.00 for lying-in expenses, $300.00 for past maintenance of said child and $30.00 per month for future care and maintenance. The judgment recites: "This judgment having been rendered on February 21, 1952, but omitted from record on that date is hereby ordered entered *nunc pro tunc.*"

On April 23, 1952, appellant filed affidavit and bond for appeal in the county court. On the same date the county court entered an order granting an appeal to circuit court. On May 2, 1952, a transcript of appeal was lodged with the clerk of the circuit court. On July 31, 1953, appellee filed a motion to dismiss the appeal on the ground that it was not timely filed. On October 5, 1953, appellant filed a response stating that if the statutory requirements for appeal had not been satisfied, it was because the county clerk would not permit him to have the papers and transcript; that appellee was estopped from claiming that the appeal was not filed within the time required by law; and that justice required a *de novo* hearing and a disregard of the delay in filing the appeal.

This appeal is from an order of the circuit court entered on October 20, 1952, sustaining the motion to dismiss.

The matter of appeal in bastardy proceedings is controlled by Ark. Stats. 34-709, which recites: "An appeal will lie from a judgment of the county court to the circuit court in all cases of bastardy, as in cases of appeal from judgments of justices of the peace to circuit courts . . ." Referring to the statutes controlling appeals from judgments of justices of the peace to circuit courts, we find two statutes, Ark. Stats. §§ 26-1306 and 26-1307, which relate to the time allowed for filing the transcript of the judgment in the office of the circuit

clerk. § 26-1306 provides: "On or before the first day of the circuit court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all the process and all the papers relating to such suit . . ." This statute was a part of Act 135 of 1873 and was in effect at the time Ark. Stats. 34-709 was adopted in 1875. *Carr* v. *State, for use of Smith,* 164 Ark. 503, 262 S. W. 337. In 1939, the legislature adopted Ark. Stats. 26-1307, which recites: "A party who appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment must file the transcript of the judgment in the office of the circuit court clerk within 30 days after the rendition of the judgment. If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond."

Appellant argues that, even though § 26-1307 has superseded § 26-1306, still the statute in effect at the time § 34-709 was adopted should be the controlling one, because § 34-709 specifically adopted it. He relies on the general rule of statutory construction followed in *McLeod, Commissioner of Revenues* v. *The Commercial National Bank, Executor,* 206 Ark. 1086, 178 S. W. 2d 496, to the effect that when a statute adopts a part or all of another statute by a specific and descriptive reference thereto, such adoption takes the statute as it exists at that time, unaffected by any subsequent modification of the statute adopted, unless a contrary intention is clearly manifested. While this general rule is well recognized, there is also a well-established exception to, or qualification of, the rule to the effect that where the reference in an adopting statute is to the law generally which governs the particular subject, and not to any specific statute or part thereof, the reference in such case includes not only the law in force at the date of the adopting act but also all subsequent amendments or laws in force on the subject at the time it is invoked. 82 C. J. S., Statutes, § 370a; 50 Am. Jur., Statutes, § 39.

The rule is stated by the annotator in 168 A. L. R. 628, as follows: "In the absence of anything in the adopting statute and the circumstances surrounding its enactment to indicate a different legislative intent, the general rule of construction to be drawn from the cases is that a statute adopting or referring to another statute or to some of its provisions adopts and incorporates the provisions of the earlier statute as they existed at the time of the adoption, but not subsequent additions or modifications of the statute adopted, with the result that the operation of the adopting statute will not be enlarged, limited, or otherwise affected by the subsequent modification or repeal of the adopted statute, but if reference in the adopting statute is to the general law regulating the subject, the incorporation is of that general law as it exists from time to time or at the time the exigency arises to which the law is to be applied."

In *Davison* v. *Heinrich*, 340 Ill. 349, 172 N. E. 770, in construing a provision that appeals in probate matters may be taken "in the same time and manner as appeals may be taken from justices of the peace" the court said: "It is a well-settled rule of statutory construction that, where the reference in an adopting statute is to the law generally which governs the particular subject and not to a particular act, by title or otherwise, the reference will be regarded as signifying and including the law in force on the subject at the time it is invoked." The court held that modifications of the appeal procedure from justices of the peace subsequent to the enactment of the adopting statute were also adopted by that statute.

Here, Ark. Stats. § 34-709 did not specifically or descriptively refer to Ark. Stats. § 26-1306 or any other statute. Its reference was to the general law controlling appeals from justices of the peace. § 26-1306 was modified by § 26-1307, and the latter became a part of the applicable appellate procedure in bastardy cases.

In discussing § 26-1307, in *Lytle* v. *Hill*, 205 Ark. 789, 170 S. W. 2d 684, we said: "This section gives finality to the judgments of inferior courts where the

transcript of the judgment is not filed in the office of the clerk of the circuit court within thirty days after the rendition of the judgment, and authorizes the issuance of an execution against the signers of the appeal bond as upon a final judgment.''

''This act is not only mandatory, but is jurisdictional. The transcript must be filed with the clerk of the circuit court within 30 days to confer jurisdiction upon the circuit court.''

Since the instant appeal was not perfected by filing the transcript in the circuit court within 30 days after the rendition of the county court judgment, it was properly dismissed.

The judgment is affirmed.

LETAW v. SMITH, CHANCELLOR.

5-391
268 S. W. 2d 3

Opinion delivered May 10, 1954.

[Rehearing denied June 7, 1954.]

