DONLEY *v*. STATE, EX REL. LEWIS.

5-846                                           287 S. W. 2d 886

Opinion delivered March 12, 1956.

*Martin, Dodds & Kidd,* for appellant.

*Frank Holt* and *Jack Holt, Jr.,* for appellee.

ED. F. McFADDIN, Associate Justice. The question for our decision is when the time for appeal begins to run in a case like this one. The appellant, L. C. Donley, was charged with being the father of an illegitimate child. The proceedings were under § 34-701 *et seq.* Ark. Stats. There was a hearing in the Pulaski County Court on January 7, 1955; and, at the conclusion of the hearing, the Court announced that the petition would be granted. But this statement was entirely oral: the Court made no written order or notation of any kind. The attorney for the mother prepared an order and took it to the County Judge, who signed it and had it entered on *January 20, 1955,* at which time it was entered *nunc pro tunc* for January 7th.

On January 27, 1955, Donley duly prayed an appeal,[1] which was granted. The County Court transcript was duly filed in the Circuit Court on February 8, 1955. A motion to dismiss the appeal was filed by the State on the ground that the County Court judgment was on *January 7th* and the appeal was not filed until after the expiration of the thirty days allowed for appeal, as held in the cases of *Epperson* v. *Sharp,* 222 Ark. 456, 261 S. W. 2d 267; and *Howard* v. *State,* 223 Ark. 634, 267

---

[1] He filed petition, affidavit and bond on that date, all in accordance with our two recent cases: *Epperson* v. *Sharp,* 222 Ark. 456, 261 S. W. 2d 267; and *Howard* v. *State,* 223 Ark. 634, 267 S. W. 2d 763.

S. W. 2d 763. From the Circuit Court order dismissing the appeal from the County Court, Donley has brought the case to this Court.

We hold that the thirty days allowed for appeal began on *January 20, 1955*—the first day there was filed in the County Court any written order or judgment, or notation as to a judgment. The situation here is similar to that in *Poe* v. *Walker,* 183 Ark. 659, 37 S. W. 2d 866. There the Chancery Court had a hearing on February 17, 1930, and made a finding of fact; but no notation thereof in writing was made upon any Court record until May 9, 1930, at which time a decree was entered conforming to the previous finding. The transcript on appeal was filed in this Court on November 8, 1930. The law then allowed six months for appeal. If the time for appeal had been dated from the oral finding of February 17, 1930, then the appeal was filed too late. We held that the time for appeal should date from May 9, 1930, when the first written notation was made. Mr. Justice FRANK SMITH used this language:

"While it does appear that the cause was submitted to and heard by the court on February 17, 1930, at which time the court's finding on the facts was indicated, yet it also appears that no memorandum was made in the order book or judge's docket or on any other record of the Pulaski Chancery Court showing a final disposition of the case and the relief granted until May 9, 1930, when the decree to be entered was approved by the presiding judge and entered of record.

"It is required by § 2140, Crawford & Moses' Digest, that appeals and writs of error shall be prosecuted within six months next after the rendition of the judgment, order or decree sought to be reviewed, and this statute was construed in the case of *Chatfield* v. *Jarrett,* 108 Ark. 523, 158 S. W. 146, to mean that the time for appeal begins to run from the date of the rendition or pronouncement of the judgment, order or decree, and not from the entry thereof upon the records of the Court. But by § 6276 Crawford & Moses' Digest, it is provided that 'the judgment must be entered on the order book,

and specify clearly the relief granted or other determination of the action.' In the recent case of *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44, we said that: 'There are authorities to the contrary, but we hold that, when a decision has been reached, announced by the court and sufficient memorandum on the chancery docket to show a final settlement of the case, it is a final judgment although it has not been spread in full upon the record.' Here the first written memorandum prepared or authorized by the presiding judge was written May 9, 1930, and, as the appeal was perfected within six months of that date, we hold that it was taken within the time required by § 2140, Crawford & Moses' Digest."

The appellee relies on *Chatfield* v. *Jarratt,* 108 Ark. 523, 158 S. W. 146, but if there be any possible conflict between that case and *Poe* v. *Walker* (*supra*), then the latter case must control.

Section 2 of Act 555 of 1953 says that in all civil cases in circuit, chancery and probate courts a notice of appeal must be given ". . . within thirty days from the entry of the judgment or decree appealed from, unless a shorter time is provided by law." The filing of the judgment commences the running of the 30-day period. In the case at bar, nothing was filed until January 20th, and the time for appeal must begin on that date. Of course, the County Court, sitting in bastardy cases, is not governed by the Act 555 of 1953; but that Statute is cited only to show that *Poe* v. *Walker* points the way to the Legislative intent shown in Act 555.

The judgment of the Circuit Court dismissing the appeal from the County Court is reversed and the cause is remanded to the Circuit Court with directions to reinstate the appeal of Donley and for further proceedings not inconsistent with this opinion.