## Sandra THOMAS *v.* Gary EASLEY

82-95                                                      640 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered October 25, 1982

*Webb & Imboden,* by: *Steve Imboden,* for appellant.

*Butler, Hicky & Hicky, Ltd.,* for respondent.

RICHARD B. ADKISSON, Chief Justice. Petitioner, Sandra Thomas, seeks a writ of prohibition to prohibit the Poinsett County Circuit Court from hearing a bastardy appeal filed by respondent, Gary Easley. The trial court denied petitioner's motion to dismiss the appeal, holding that respondent had substantially complied with the procedural requirements for filing an appeal.

On May 21, 1981, the Poinsett County Court determined that respondent was the father of petitioner's child and made a handwritten notation to that effect in the county court docket. This judgment was filed with the county clerk on June 4, 1981. Respondent filed a notice of appeal on July

2, 1981, but did not include an appeal bond or affidavit of appeal. On July 9, 1981, he filed a second notice of appeal, this time including an affidavit of appeal and an appeal bond.

The issue in this petition is whether respondent had six months or 30 days to perfect his appeal to circuit court from county court in a bastardy proceeding. If respondent had six months to perfect his appeal, the appeal was timely filed. However, if respondent had 30 days to perfect his appeal, then his appeal was filed too late since we held in *Epperson v. Sharp*, 222 Ark. 456, 261 S.W.2d 267 (1953) that an appeal from county court in bastardy cases must be within 30 days; Ark. Stat. Ann. § 34-709 requires a bond; and that where the appeal was attempted without bond, and the 30-day period expired, the attempt was ineffectual and proceedings were properly dismissed by circuit court.

We have two statutory provisions and the Rules of Inferior Courts which touch on the issue of whether the time for appeal is six months or 30 days. Ark. Stat. Ann. § 27-2001 (Repl. 1979) provides generally for appeals from county court to circuit court:

> Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court . . . at any time within six (6) months after the rendition thereof. . . .

However, Ark. Stat. Ann. § 34-709 (Repl. 1962) provides specifically for appeals from county court to circuit court in bastardy proceedings:

> Appeal to circuit court. — An appeal will lie from a judgment of the county court to the circuit court in all cases of bastardy, *as in cases of appeal from judgments of justices of the peace to circuit courts;* but no appeal shall be granted until affidavit and appeal bond is filed. . . . (Emphasis supplied)

Appeals from judgments of the justices of the peace are governed by Rule 9 of the Inferior Court Rules, Ark. Stat. Ann., Vol. 3A (Repl. 1979) which provides:

(a) Time for Taking Appeal. All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

However, Rule 1 of the Inferior Court Rules states that:

Scope of Rules. These rules shall govern the procedure in all civil actions in the inferior courts of this State, except county courts.

The question then devolves to which law is applicable: the general provisions of Ark. Stat. Ann. § 27-2001 and Rule 1, or the specific provisions of Ark. Stat. Ann. § 34-709 and Rule 9. In statutory construction where specific expressions conflict with general expressions, the greater effect is given to the more specific expression. *See Hodges v. Dawdy,* 104 Ark. 583, 149 S.W. 656 (1912); *Scott v. Greer,* 229 Ark. 1043, 320 S.W.2d 262 (1959); *See generally* 82 C.J.S. *Statutes* § 367b (1953). Therefore, we conclude that appeals from county court to circuit court in bastardy proceedings must be perfected within 30 days.

Writ granted.

HOLT, J., concurs.

FRANK HOLT, Justice, concurring. Although I agree that appeals to circuit court from county court in bastardy cases should be perfected in 30 days, I think our rules to be sufficiently ambiguous that an appropriate amendment should be made. The practicing attorney can be misled by Rule 1 of the Inferior Court Rules, which clearly states that the Inferior Court Rules do not apply to county courts. Nevertheless, we hold today that Rule 9 applies to appeals from county courts in bastardy cases. In my view, as an aid to trial courts, practicing attorneys and their clients, we should clarify the situation by amending either Rule 1 or Rule 9 of the Inferior Court Rules to state unambiguously that Rule 9 governs appeals to circuit court in bastardy cases.