STATE of Arkansas, CHILD SUPPORT
ENFORCEMENT UNIT *v.* Herschel MARKHAM

87-11                                        730 S.W.2d 497

Supreme Court of Arkansas
Opinion delivered June 15, 1987

*Mark Woodville*, Asst. General Counsel for Arkansas Department of Human Services, for appellant.

*David B. Switzer*, for appellee.

JOHN I. PURTLE, Justice. The state filed an action in the County Court of Polk County to determine if appellee was the father of an illegitimate child. The referee eventually ruled in favor of the putative father and the state appealed to the circuit court where the appeal was dismissed as untimely.

The bastardy action was commenced on April 4, 1984, and a hearing on the merits was held on May 31, 1985. The case was taken under advisement by the bastardy referee. On July 29, 1985, the referee wrote a letter to the attorneys in which he announced his decision that the appellee was not the father of the child. The letter requested the counsel for appellant or the counsel for the appellee to prepare the order. However, the order was not signed and filed with the county clerk until March 3, 1986. An appeal was filed in the circuit court on March 14, 1986. A motion to dismiss for untimeliness was filed by the appellee on March 26, 1986, and granted by the circuit court on July 29, 1986. An order of dismissal was entered of record on August 15, 1986. Notice of appeal was filed on September 10, 1986.

The question presented for our decision is when does the time for appeal commence to run from an order in the county court deciding the issue in a bastardy action? The statutes, rules and our prior decisions on this subject are somewhat less than clear. We take this opportunity to clarify the matter to the extent possible.

In *Thomas* v. *Easley,* 277 Ark. 222, 640 S.W.2d 797 (1982), we held that an appeal in bastardy cases must be made within 30 days from the entry of the judgment. The issue in *Thomas* was whether the apellant had 30 days or 6 months in which to file an appeal. The issue in the present case is what triggers the running of the 30 days within which to appeal from the decision in a bastardy proceeding. We must decide if time starts when the

opinion is "rendered" or on the date of "entry of the judgment."

After the decision in *Thomas* the legislature apparently attempted to comply with this decision and the concurring opinion of Justice Frank Holt by enacting what is now Ark. Stat. Ann. § 34-701.1(b) (Supp. 1985). This statute obviously was an effort to clarify the time limit within which appeals to circuit court in bastardy proceedings must be perfected. The statute states in part that an appeal in a bastardy case may be taken as a matter of right "within 30 days *after the decision* of the bastardy referee *is rendered.*" (Emphasis added). However, Ark. Stat. Ann. § 34-709 (Repl. 1962) allows an appeal from such decisions "as in cases of appeal from judgments of justice of the peace to circuit courts." Appeals from judgments of justices of the peace are governed by Rule 9 of our Inferior Court Rules. This rule requires appeals to be filed "within 30 days from the date of the entry of the judgment." However, Inferior Court Rule 1 states: "These rules shall govern the procedure in all civil actions in the inferior courts of this state, *except county courts.*" (Emphasis added).

Although Rule 9 does require appeals in civil cases of inferior courts to be filed within 30 days from the date of "the entry of the judgment," the Inferior Court Rules expressly do not apply to decisions of the county courts. We held the 30 day rule applied in *Thomas*. Even though we held that the 30 day rule applied, we did not intend to hold that the Inferior Court Rules apply to bastardy actions in county court. The *Thomas* holding was correct, however, where it stated: "Therefore, we conclude that appeals from the county court to the circuit court in bastardy proceedings must be perfected within 30 days."

In the earlier case of *Donley v. State Ex. Rel. Lewis,* 226 Ark. 49, 287 S.W.2d 886 (1956), this Court held that an appeal in such matters must be made within 30 days from the date the written order was filed in the county court. The *Donley* case was factually similar to the present one insofar as the county court had announced the decision, but the decision had not been filed in the county court. The announcement of the decision by the county court was on January 7, 1955, but the written order was not entered until January 20, 1955, and stated it was *nunc pro tunc* for January 7, 1955. Notice of appeal was filed and the record was

filed in the circuit court on February 8, 1955. The circuit court dismissed the appeal as untimely. In *Donley* this Court reversed the circuit court and held the time for the 30 days within which to appeal started *when the written order was filed in the record.*

It was the obvious intent of the General Assembly by enacting Act 559 of 1983 (A.S.A. 34-701.1(b)) to make the law on this subject conform to the decision of this Court in *Thomas*. This statute also served the additional purpose of making the time within which to appeal an order of the county court in a bastardy action conform to the time limit for appeals in other courts. We therefore hold that by statute, the period for filing an appeal from the county court in a bastardy proceeding is 30 days, and the time within which to give notice of appeal begins to run when the judgment or order is filed in the county court.

In this case the appeal was filed within 30 days after the judgment was filed and entered of record. Therefore, the appeal to circuit court was timely.

Reversed and remanded.