Pye *v.* Higgason.

4-7946                                    195 S. W. 2d 632

Opinion delivered July 8, 1946.

*C. T. Sims* and *DuVall L. Purkins,* for appellant.

*Williamson & Williamson,* for appellee.

McHaney, Justice.  Appellants and appellee are the collateral heirs at law of Reece Preston Pye who died intestate and without living issue in Drew county on September 8, 1941.  Appellee, a niece, was appointed and qualified as administratrix of his estate on November 5, 1941.  The inventory filed listed personal property of the value of $812.48 and real property of $1,000. Her first account current was filed November 27, 1942, and showed cash collected $261.64 and a small amount of expenditures for costs of administration and for a monument.  She filed her final report and settlement on July 6, 1945, showing total collections of $877.34 and expenses of $283.70 and the balance to be distributed to appellants and appellee in proportion to their respective interests. On July 10, 1945, the probate court made an order ''For the distribution of the residue of the assets belonging to the estate of Reece P. Pye, now in the hands of said

administratrix,'' according to their interests as set out therein, ''and her acts in doing so are hereby approved.'' This order was based on her account for final settlement. Final settlement was accordingly made pursuant to said order. Prior thereto, on June 15, 1943, appellants had filed in the probate court a ''Motion for Discovery,'' alleging that appellee held in her possession certain bank deposits in two banks, the property of said estate, which she had failed to inventory or account for, and again on September 1, 1943, they filed in the probate court their exceptions to the account current of appellee, as administratrix, filed November 27, 1942, again claiming that the intestate left certain deposits in two banks, the property of said estate, and the proceeds of certain insurance policies of intestate's life not here involved, which deposits were alleged to have been wrongfully withheld by appellee. If either the discovery motion or the exceptions to the account current was presented to the probate court for decision, the record fails to disclose it, unless by inference they were overruled by the order of distribution of July 10, 1945.

The action from which this appeal comes was filed in the circuit court July 30, 1943. Its final purpose was to obtain judgment against appellee as for money had and received because of two bank deposits, above referred to, one in the Commercial Loan & Trust Company of $3,121.80, and the other in the Union Bank & Trust Company of $1,447.08. The complaint alleges that each account was held by the banks in the joint names of intestate and of Lillie Higgason, appellee, as a joint account with the right of survivorship in either. For instance, the account in the Commercial was held by it under a signature card as follows: ''Below please find duly authorized signatures which you will recognize in payment of funds or the transaction of other business on my account. We, R. P. Pye and Miss Lill Higgason, have opened up a checking and saving account with the Com. L. & T. Co. These accounts are opened in this manner, R. P. Pye, and Miss Lill Higgason payable to either of them and in event of death payable to the sur-

vivor. It is our purpose to create an estate of entirety and we authorize this said bank to consider these two accounts as same.'' It was alleged that intestate had intrusted appellee with these funds to handle as his agent with instructions to distribute to appellants their share, after the payment of debts, and that instead of doing so, she had fraudulently converted same to her own use. They prayed judgment against her for their share with interest. An amended and substituted complaint was filed July 7, 1945, to which appellee filed on September 17, 1945, a motion to dismiss the action or transfer to the probate court, alleging that only the probate court has jurisdiction of the matters presented, and that the subject matter had already been presented to said court, adjudicated by it and is *res judicata.*

On January 8, 1946, the circuit court dismissed the amended and substituted complaint of appellants without prejudice to their right to pursue their remedy, if any, in the probate or any other court with jurisdiction of the subject matter. This appeal followed.

In *Ferrell, Admr.,* v. *Holland,* 205 Ark. 523, 169 S. W. 2d 643, it was held that a certificate issued by a Federal Savings & Loan Association to ''S. I. Ferrell and Dr. D. T. Holland as joint tenants with right of survivorship and not as tenants in common,'' subscribed and paid for by Ferrell, became the property of Holland on Ferrell's death under Act 343 of 1939. In *Jensen* v. *Housley, Admr.,* 207 Ark. 742, 182 S. W. 2d 758, it was held that stock in a corporation, purchased by decedent in the names of himself and appellant jointly, with right of survivorship, vested in appellant on the death of decedent.

Our statute, § 727a of Pope's Digest, is copied in full in *Black* v. *Black,* 199 Ark. 609, 135 S. W. 2d 837. It was there held that a deposit in a bank in the joint names of husband and wife becomes the property of the widow ''as surviving tenant by the entirety, and her title thereto was not ascribed to said statute.'' It was there said: ''It will be observed that the application of this

statute is not limited to deposits of husband and wife, but applies to joint deposits of any two persons, and was, we think, passed for the protection of the bank in which the deposit was made." While it was passed, no doubt, for the protection of the bank, it was also passed for the purpose of declaring a definite and conclusive relation of the parties to such deposit on the death of either and prior to receipt by the bank of written notice signed by any one of such joint tenants not to pay such deposit in accordance with its terms. The Act declares that "such deposit thereupon and any additions thereto made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, . . ." It was held in *Ferrell* v. *Holland, supra,* that survivorship is one of the results of joint tenancy.

Therefore, if we assume that the circuit court was in error in dismissing appellants' complaint because it had no jurisdiction, the same result would necessarily follow, if we held it did have jurisdiction for the reason that the deposits in the two named banks did not become the property of Pye's estate on his death, but passed by operation of law to appellee as the survivor of a joint tenancy. The same result is bound to be reached, no matter what court had jurisdiction of the subject matter. The nature of the deposits is established, not only by the complaint, but by the answers of the banks to certain writs of garnishments caused to be served on them by appellants.

The judgment is accordingly affirmed.

GRIFFIN SMITH, C. J., not participating.

McFADDIN, J., disqualified and not participating.