Von Tungeln *v.* Chapman.

5-2337                                          343 S. W. 2d 782

Opinion delivered March 6, 1961.

[Rehearing denied April 3, 1961.]

*Brockman & Brockman,* for appellant.

*Max M. Smith,* for appellee.

J. Seaborn Holt, Associate Justice. This is an action for the partition of certain lands and a cross-complaint filed for an accounting of the assets of an estate. Material facts in the case disclose that Mrs. Nancy Chapman was an elderly, illiterate widow. After her children were grown and married, she moved from her home place and lived with her daughter, Bertha Reed. Mrs. Chapman lived with her daughter from this time until her death, a period of twelve to fourteen years. Mrs. Reed cared for her mother's financial affairs during this time, as her mother could neither read nor write. After the death of Mrs. Chapman, a son, H. E. Chapman, filed a petition in chancery court for the partition of the land which Mrs. Chapman died seized of. As the family interest, ownership, and pleadings began to unwind, it developed that Mrs. Chapman had received several sums of money from the sale of timber and gravel on the tract of land involved and further, that she had inherited $2,900.00 from a brother who died in Oklahoma. When this was learned, several of the heirs,

who were defendants, filed a cross-complaint against Mrs. Reed for an accounting and to have Mrs. Reed declared a constructive trustee for any sums of money which might be due the defendants. The cross-complaint averred that the money had been deposited in a savings and loan association in Pine Bluff and Mrs. Reed had withdrawn the money and illegally distributed it among some of the heirs. A trial was had, after which the chancellor ordered the land sold and the proceeds distributed to the heirs. He further found that the sums of money of Mrs. Chapman, which had been deposited in a savings account, were placed in a joint account at the time of creation of the account and that Mrs. Reed, by virtue of this, had a right of survivorship to the sums. It is from this latter finding that the appellants appeal.

The evidence discloses that Mrs. Chapman opened a *joint* account with her daughter, Mrs. Reed, at the Southern Federal Savings and Loan Association in Pine Bluff. At the time of Mrs. Chapman's death there was in the savings account approximately $1,900.00, according to Mrs. Reed who made all the deposits and withdrawals. After the death of her mother, Mrs. Reed took certain proceeds of the account and distributed them to her brother and three sisters in the amount of $332.40 each. The daughter of a deceased sister was offered $54.25. The remainder was transferred by Mrs. Reed to an account in her name.

Ark. Stats. Anno., (1947) § 67-521 provides that when two persons deposit money in a savings institution in a form to be paid to either, or the survivor of them, such deposits shall become the property of the depositors as joint tenants. This court has previously held that the statute was passed primarily for the protection of the savings institution involved, *Black* v. *Black,* 199 Ark. 609, 135 S. W. 2d 837, and that as between the parties no such relationship is created if a contrary intent appears. *Park* v. *McClemens, Ex.,* 231 Ark. 983, 334 S. W. 2d 709. The *Park* case collects and reviews the authorities on the subject thoroughly and reference

should be had to that case for the development of the intent rule.

Reviewing the evidence on trial *de novo* here, we find the record utterly bare of evidence to overcome the *prima facie* intent which we hold the signature card creates as to the existence of a joint tenancy. The only thread of evidence which the record contains is the testimony of an interested witness, Mrs. Von Tungeln who stated her mother told her shortly before her death, "I have something I want to show you [the savings certificates]. I don't think I will live much longer. I am going to die and you will inherit some money, and I want you to buy some furniture." We find such testimony insufficient to overcome the clear intention expressed on the signature card and the savings certificates both of which are made out to Mrs. N. C. Chapman or Mrs. Bertha Reed. The signature card, which is signed by both Mrs. Chapman and Mrs. Reed, declares an intent to create a joint account.

There being a lack of evidence to overcome the intent expressed on the signature card and savings certificates, the judgment is affirmed.