ROBERTSON *v.* PHILLIPS

5-3751                                    398 S. W. 2d 889

Opinion delivered February 7, 1966
[Rehearing denied March 7, 1966.]

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Douglas Bradley,* for appellee.

PAUL WARD, Justice. This litigation is to determine who is the owner of a Certificate of Deposit in the principal sum of $4,000, and to a Joint Bank Account in the sum of $646.50.

*Factual Background.* Richard Isaac Phillips died testate on February 25, 1963, leaving all his property to Norman A. Phillips, a son and only heir. Before his death (and on November 23, 1962) he purchased the $4,000 Certificate of Deposit from the Citizens Bank of Jonesboro, payable to "Richard Isaac Phillips or Mamie Robertson, or order." Mamie Robertson was the deceased's sister with whom he was living when he died. The Certificate was delivered to the deceased who placed it in a safety deposit box which he rented from the bank. He retained the key to the box.

On January 5, 1963 the deceased created a joint account with appellant in a bank located in Troy, Kansas, it being in the amount of $646.50 at the time of his death. This was a "joint" account payable to Phillips or his sister or the survivor.

*How this action arose.* Upon the death of Phillips his son (appellee herein) was appointed executor of his estate in accord with a provision of the will, and as such he claims title to the Certificate.

On July 26, 1963 Mamie Robertson (appellant herein) filed suit against Norman individually and as administrator. In material parts and in substance the complaint alleges: (a) The Certificate, being made out to the deceased or appellant or order, created a joint tenancy, and that it was so intended by the deceased and the bank; (b) In the alternative the Certificate should be reformed to express the wishes and intention of the deceased.

To the above complaint appellee answered, denying the certificate created a joint tenancy and denying it could be reformed. By way of cross-complaint appellee

alleged that the money in the Kansas bank belonged to the estate and not to appellant as she claims.

After a hearing was had on the pleadings, testimony and stipulations of the parties, the trial court found that the Certificate of Deposit ($4,000) belongs to the estate and that the money in the Kansas bank ($646.50) belongs to appellant. Appellant now prosecutes a direct appeal and appellee prosecutes a cross-appeal.

It is our conclusion that the trial court must be affirmed on both counts. Appellant relies on five points for a reversal, but they are so interrelated that we deem it unnecessary to discuss each point separately.

*One.* It is undisputed that the Certificate of Deposit was made out to the *deceased or appellant,* and it is contended this created a joint account or joint tenancy under the provisions of Ark. Stat. Ann. § 67-521 (Repl. 1957). We do not agree. The pertinent portion of said section reads:

> "When a deposit shall have been made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit thereupon and any additions thereto made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the person so named, and may be paid to either during the lifetime of both, or to the survivor after the death of one of them; . . . "

The above section of our statutes has been before this Court for interpretation not less than ten times. See: *Black* v. *Black,* 199 Ark. 609, 135 S. W. 2d 837; *Harbour* v. *Harbour,* 207 Ark. 551, 181 S. W. 2d 805; *Pye* v. *Higgason,* 210 Ark. 347, 195 S. W. 2d 632; *Powell* v. *Powell,* 222 Ark. 918, 263 S. W. 2d 708; *Vincent, Adm'x.* v. *Vincent,* 224 Ark. 449, 274 S. W. 2d 772; *Tesch* v.

*Miller,* 227 Ark. 74, 296 S. W. 2d 392; *Park* v. *Mc-Clemens,* 231 Ark. 983, 334 S. W. 2d 709; *Von Tungeln* v. *Chapman,* 233 Ark. 219, 343 S. W. 2d 782; *Beyer* v. *Pope,* 236 Ark. 443, 366 S. W. 2d 716; *Ratliff* v. *Ratliff, Admx.,* 237 Ark. 191, 372 S. W. 2d 216.

It would serve no useful purpose to analyze our reasoning and conclusions reached in the above mentioned cases. It suffices, for the purpose of this opinion, to say we have never held, in a case of this nature, that there was a right of survivorship unless it was first shown the statute was complied with, in that the account was payable to either the depositor *or the survivor.* This conclusion is affirmatively stated in the *Ratliff* case, *supra,* at page 194 of the Arkansas Reports. It is not contended, of course, that the words emphasized above, are found on the Certificate of Deposit in question here.

It should be helpful to the public in general to know that the 1965 legislature passed two acts which will significantly affect many subsequent bank deposits, but which have no bearing on the issue here. One is Act No. 73, being Ark. Stat. Ann. § 67-552 (Special Supp. 1965). The other is Act No. 444, being Ark. Stat. Ann. § 67-521 (Repl. 1966).

*Two.* The trial court was correct in holding the Certificate could not be reformed to comply with the alleged wishes of the deceased that appellant should get the money. In the first place it is clear that no part of the money belonged to appellant and that if the deceased did desire appellant to have the money his action, in making the deposit, was voluntary. In the case of *Gray* v. *Gray,* 233 Ark. 310, 344 S. W. 2d 329, we held that a voluntary conveyance is not subject to reformation. Neither can appellant win on the theory that the money was given to her, because there was no delivery.

*Cross-Complaint.* Appellee contends that the money in the Kansas bank belongs to the estate because it was

only a check-account to take care of current expenses while he was living in the home of appellant. The trial court held otherwise, and we do not go into the merits of the court's holding because the cross-appeal was not filed within the time provided by Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). This section provides, among other things, that any party to an action "may cross-appeal from a judgment on decree by filing with the court in which the case is tried a notice of cross-appeal within ten (10) days after the notice of appeal is served on such party." According to the record appellee did not comply with the above provision. It shows: (a) The notice of appeal was filed by appellant on May 21, 1965 and appellee was notified by mail on the same day, and (b) Appellee filed notice of cross-appeal on June 15, 1965.

The decree of the trial court is accordingly affirmed on direct appeal and on cross-appeal.

McFADDIN, J., dissents.

ED. F. McFADDIN, Justice, dissenting. I cannot agree to an affirmance of the direct appeal in this case. The Majority—because of legal technicalities regarding reformation of gifts—is allowing a result to come about which is entirely opposite from the result which the Bank promised Richard Isaac Phillips. When Mr. Phillips went into the Citizens Bank in Jonesboro he had a conversation with the then President of the Bank, Mr. Morris L. McKinney. Mr. McKinney's testimony is abstracted as follows:

"I was formerly president of Citizens Bank of Jonesboro for a period of 27 or 8 years. I retired January 1, 1963. I became acquainted with Richard I. Phillips in the fall of 1962. He was a customer of the bank. He came in the bank one morning, came to my desk, visited with me perhaps 30 minutes or an hour and stated he would like to make a deposit. I can't remember how the original deposit was

made. My acquaintance continued a few months. I remember his obtaining the certificate of deposit in litigation. His account amounted to some $7,700. approximately, and he wanted to get some interest on part of that and decided he would place $4,000 of this account on time certificate at 4%. He stated he wanted his sister to have this money in event of his death and I told him that we could make the certificate jointly-that is to either party-and he said that was the way he wanted it, so that was the way we fixed it. I think the certificate was made to him or Mamie Robertson. He voluntarily discussed his personal affairs with me and stated that his sister in Kansas was very close to him and wanted him to come up there and live with her so she could take care of him as he was in ill health. He also stated that he had a son who was not very close to him-in fact, they had nothing in common. I don't believe they even visited with each other, and he stated that he wanted his sister to have the money in event of his death. I thought the certificate of deposit as prepared would give the funds to the survivor in event of death of either one.''

Mr. Phillips was advised by the banker that the certificate would go to Mamie Robertson in the event of his death. Mr. McKinney was of that opinion, and so advised Mr. Phillips. On that information and advice Mr. Phillips made the deposit. The Bank should correct the error of its President. All possible parties are before the Court: there is Norman Phillips, individually; Norman Phillips, as Executor of the Last Will and Testament of Richard Isaac Phillips; and also the Citizens Bank of Jonesboro. I think we should grant reformation. This deposit was more than a mere gift to Mamie Robertson: it was supposed to be a contract between the Bank and Mr. Phillips for the benefit of Mamie Robertson; and I think she is entitled to reformation. We granted reformation in *Gray* v. *Gray,* 233 Ark. 310, 344 S. W. 2d 329; and I think we should grant reformation in this case.