DALTON *v.* EYESTONE

5-3949                                                                403 S. W. 2nd 730

Opinion delivered June 6, 1966

*U. A. Gentry, Audrey Strait,* for appellant.

*Edgar Woolsey, Williams & Gardner,* for appellee.

GEORGE ROSE SMITH, Justice. This is another in a series of recent cases involving rights of survivorship in joint bank accounts. Here the circuit court, sitting without a jury, awarded the funds in the account to the appellee as the surviving depositor. The only question is whether the court reached the right conclusion upon facts that are undisputed.

In 1959 Annie Dalton, the appellee's mother, deposited $5,500 in the Farmers National Bank of Clarksville. The bank issued an interest-bearing certificate of deposit payable to "Mrs. Annie Dalton or Mrs. Jack Ingram Sr. or order." It is indicated that Mrs. Ingram, another of Mrs. Dalton's children, later died. Mrs. Dalton decided to have the certificate reissued in the names of herself and her daughter Mary Eyestone, the appellee.

On January 31, 1961, Mrs. Dalton, then confined to a hospital, directed Mrs. Eyestone to take the Dalton-Ingram certificate to the bank and have it reissued to Mrs. Dalton and Mrs. Eyestone. Mrs. Eyestone testified that "she wanted my name put on there so I would have it if I survived her." A new certificate was accordingly issued, payable to "Mrs. Annie Dalton or Mary Eyestone." Mrs. Eyestone showed the new certificate to her mother and then left it at the bank for safekeeping. Mrs. Dalton received the interest payments until her death in 1963. The administrator of her estate then brought the present suit to recover the money, which the bank paid into the registry of the court.

Upon the main issue the case is governed by *Robertson* v. *Phillips*, 240 Ark. 221, 398 S. W. 2nd 889 (1966), where we held that no right of survivorship was created by a certificate of deposit payable to Richard Isaac Phillips or Mamie Robertson or order. The reason is that the statute expressly requires that the deposit be made "in form to be paid to either, or the survivor of them." Ark. Stat. Ann. § 67-621 (Repl. 1957). In the *Robertson* case we adhered to our earlier holdings that a substantial compliance with the statute is essential to the right of survivorship (The case at bar, like the *Robertson* case, arose before the passage of the 1965 acts there cited.)

The appellee also argues that there was a completed gift of the money when Mrs. Dalton handed the Dalton-Ingram certificate to Mrs. Eyestone with instructions to have it reissued. Not so. A valid gift must be evidenced by an actual delivery of the subject-matter "with a clear

intent to make an immediate present and final gift beyond recall." *Bennett* v. *Miles,* 212 Ark. 273, 205 S. W. 2d 451 (1947). Mrs. Dalton's intention to retain an interest in the account is uncontrovertibly shown not only by Mrs. Eyestone's own testimony but also by Mrs. Dalton's decision to have her own name appear upon the certificate.

Reversed.

BLAND, J., not participating.