Simon ZUNAMON v. J. E. STEVENSON Jr. et al

5-4966                                    445 S. W. 2d 102

Opinion delivered September 29, 1969

[Rehearing denied October 27, 1969]

*Daggett & Daggett, for appellant.*

*Drew & Holloway,* for appellees.

FRANK HOLT, Justice. The appellant instituted this action to enjoin and restrain appellees from trespassing upon certain lands claimed by him. Appellee Stevenson responded by seeking a similar injunction against appellant and, further, asked that title to the disputed lands be quieted and confirmed in him. The lands in question were formerly owned by Mrs. Hazel Townsend in Sections 2, 3, 10, 11, 14 and 15, Township 16 South, Range 1 West in Chicot County, Arkansas. A levee runs north and south across these lands. The lands in dispute are situated between the levee and the Mississippi River.

In 1961 Mrs. Townsend conveyed to Chicago Mill and Lumber Company all of her lands lying east of the levee of the Southeast Arkansas Levee District. The deed contained this provision:

> "It being mutually agreed and understood that the proposed conveyance will include all of the property owned by Hazel Cook Townsend lying East of the levee in said Township and Range, together with all accretions, relictions or island formations."

She reserved to herself a small five-acre tract not involved in this action.

In 1962, or a year later, appellee Stevenson and a

partner (who later conveyed his interest to appellee) purchased from her the remaining portion of the Townsend lands. In appellee Stevenson's deed, however, there is a provision which reads:

"It being the intention of Grantor to convey to Grantees all lands owned by Grantor as of this day, * * * less and except any lands lying East of the Riverside toe of the Mississippi River Levee."

Later in 1962 appellee Stevenson and his then partner entered into a lease agreement with Chicago Mill and Lumber Company whereby they were given the right to graze cattle on the levee and in return agreed to erect a fence east of the levee along the timber line of the lessor's property to contain the cattle. The agreement recites that the lessor is the owner of lands in Sections 3, 10, 14 and 15, Township 16 South, Range 1 West, "lying East of the center line of the Southeast Arkansas Levee;". In 1965 appellant succeeded to the title of Chicago Mill and Lumber Company. In 1966 appellee Stevenson had a survey made to establish the eastern boundary of the Southeast Arkansas Levee District property in Township 16 South, Range 1 West. Appellee never built the fence. In 1967 a hunting club constructed a fence at the approximate location of the timber line where it was agreed that appellee would construct a fence. This controversy arose when appellee Coleman, Stevenson's business partner, entered upon the land west of the eastern boundary of the levee district with a bulldozer and began clearing the right-of-way on the marked and flagged line of the surveyor preparatory to the construction of a fence. In the process some of appellant's property was being damaged.

This resulted in appellant seeking an injunction. Appellee Stevenson then asked for an injunction and that title to the disputed lands east of the levee be quieted and confirmed in him. During the trial the court admitted proof by appellees that a substantial acreage east

of the levee was owned by the Southeast Arkansas Levee District and not the appellant. The court found that as to the lands the appellant claimed, he was entitled to his requested permanent injunction against appellees except that portion owned by the Southeast Arkansas Levee District; dismissed appellee Stevenson's petition for an injunction and the quieting of title in him; and refused to enjoin the appellees from entering upon the lands found to belong to the levee district.

For reversal appellant contends that, contrary to the chancellor's finding, he is entitled to enjoin the appellees from entering upon the disputed lands east of the levee and up to the center line of the levee even though the title is in the Southeast Arkansas Levee District. Appellant argues that the trial court erred "in allowing appellees to attack Hazel Townsend's title by attempting to prove title in Southeast Arkansas Levee District, since the parties admittedly are both claiming solely under her." Several cases in support of this contention are cited which, in effect, hold that in an action of ejectment or to quiet title where both parties deraign title from the same person or a common source, each party is estopped to deny the validity of the title of such third person and, as between the grantees, the one having the better title from the common source will prevail. Typical cases cited are *Rhodes et al v. Earl Gill Enterprises, Inc.*, 245 Ark. 279, 431 S. W. 2d 846 (1968), and *Collins v. Heitman*, 225 Ark. 666, 284 S. W. 2d 628 (1955). Therefore, since the deed to appellant's predecessor, Chicago Mill and Lumber Company, was dated and recorded more than a year prior to the date of appellee's deed, appellant submits that he has the superior title to the lands in issue. It is asserted that these cases represent a relaxation or exception to the well-known rule that a plaintiff must prevail upon the strength of his own title and not the weakness of the defendant's title.

However, we do not construe the cases relied upon

by appellant as being controlling in the case at bar. Here appellant seeks to prevail by an injunction proceeding. Further, an obvious distinction in the case at bar from those cited by appellant is the fact that this injunction proceeding affects land owned in fee simple by a public agency, the levee district. We are persuaded by the finding and logic of the trial court that:

> "The lands of the Southeast Arkansas Levee District are public lands owned by the public. The district is entitled to possession of these lands against all persons, but when this possession is not being exercised against the public by the district, the public, or any member thereof, is entitled to use them, but none to the exclusion of others, except by authority of said agency. The agency has not granted to Zunamon [appellant] any rights to the use of said lands which is not exercisable by any member of the public."

In support of this reasoning the following rules of law with reference to the interest necessary to support the issuance of an injunction are enunciated in 42 Am. Jur. 2d, Injunctions, § 27, p. 762. There it is said:

> "An injunction will issue only at the instance of a suitor who has sufficient interest or title in the right or property sought to be protected. * * * It is always a ground for denying injunction that the party seeking it has insufficient title or interest to sustain it, and no claim to the ultimate relief sought —in other words, that he shows no equity. * * *

> The complainant's right or title, moreover, must be clear and unquestioned, for equity, as a rule, will not take cognizance of suits to establish title, and will not lend its preventive aid by injunction where the complainant's title or right is doubtful or disputed. The complainant must stand on the strength of his own right or title, rather than on the weakness of that claimed by his adversary."

An injunction is an equitable proceeding designed to protect the one who seeks it from irreparable harm. Certainly it cannot be said in the case at bar that as to the lands owned by a public agency the appellant has any equitable grounds for an injunction to the exclusion of any member of the public, including the appellees.

Appellant asserts that even if evidence of the title in the levee district were admissible, it has not been shown to extend east of the levee district. It is true that the evidence is somewhat deficient. However, we cannot say that the findings of the chancellor are against the preponderance of the evidence. Nor can we agree with appellant's contention that appellees, as lessees, are estopped since they have recognized and attorned to appellant's title from the center line of the levee eastward by virtue of the 1962 lease agreement between appellee Stevenson and appellant's predecessor in title. As we have discussed, this is an injunction proceeding and involves lands owned by a public agency.

Appellant raises the question of appellees' cross-appeal being timely filed. The chancellor's decree was entered October 23, 1968 and Notice of Appeal, Designation of Record and Bond were filed by appellant on October 28, 1969. Appellees' Notice of Cross-Appeal was filed November 12, or fifteen days after the filing of the Notice of Appeal. Appellant contends that according to Ark. Stat. Ann. § 27-2106.1 (Repl. 1962) Notice of Cross-Appeal must be filed within 10 days after the Notice of Appeal is served. Appellant cites *Robertson* v. *Phillips,* 240 Ark. 221, 398 S. W. 2d 889 (1966) in support of his contention. In the recent case of *Brown* v. *Maryland Casualty Co.,* 245 Ark. 70, 431 S. W. 2d 258 (1968) we said that the 1957 legislation amending this section extended "the time for filing a second or subsequent appeal, whether direct or cross, for a period of ten days after the service of notice of the first appeal," however, that in no event would a litigant's time for filing notice of appeal, direct or cross, be less than the

thirty days allowed by the statute. Therefore, appellant's argument has no merit.

On cross-appeal it is contended by appellee Stevenson that the chancellor erred in denying his claim of title to the lands in Section 2 and "restraining appellee from entering thereon." The conveyance from Mrs. Townsend to appellee Stevenson in 1962 included "All Fractional Half of Section 2 and all accretions to Northwest fractional quarter of Section 2, and accretions to Sections 2, * * * as shown on survey of Claude G. Dunn, State Surveyor, made September 15, 1953." As we have indicated, Mrs. Townsend had previously (1961) conveyed all of her lands east of the levee to appellant's predecessor in title. It appears that Section 2 is east of the levee. According to the chancellor, most of the lands in Section 2 are accretions and the record does not reflect that Mrs. Townsend owned any lands in Section 2 except that specifically conveyed to Chicago Mill and Lumber Company, appellant's predecessor in title. It was stipulated that Mrs. Townsend acquired no property after her 1961 conveyance and that all of the lands involved in this litigation were acquired by her from the estate of her deceased husband. The chancellor found:

> "Mrs. Townsend was the owner of lands in Sections 2 and 3 in Township 16 South, Range 1 West, lying east of the Mississippi River levee by virtue of the order allotting her dower in the lands of her deceased husband, O. F. Townsend. She conveyed all the lands in said sections, township and range, east of the levee, acquired by her under the aforementioned order to Chicago Mill and Lumber Company. The deed contained the best description possible, considering the formation of the land, its faulty and indefinite description, as contained in the order aforementioned. That under said conveyance the Chicago Mill and Lumber Company became the owner of all of Section 2 owned by Mrs. Townsend

in Township 16 South, Range 1 West, lying east of the Mississippi River levee, * * * except that part owned by the Southeast Arkansas Levee District, as described in Exhibit 11 in the action. * * *

The subsequent conveyance of lands in Sections 2 * * * in Township 16 South, Range 1 West, east of the Mississippi River levee by Mrs. Townsend to Stevenson did not have the effect of conveying any interest in said lands to Stevenson.''

We agree with the chancellor that it was the intention of Mrs. Townsend, who was the common source of title of appellant and appellee Stevenson, to convey to appellant's predecessor in title (Chicago Mill & Lumber Company) all the land which she owned east of the levee, including all the land she owned in Section 2. This intention is buttressed by the exception (which we have previously cited) in Stevenson's deed and by the testimony of the attorney who prepared both deeds. In *Wood v. Haye,* 206 Ark. 892, 175 S. W. 2d 189 (1943), the court said:

"The rule is that, as between the parties to a conveyance, intention will govern if the general description furnishes a sufficient key for identification.''

In the case at bar, on direct and cross-appeal, we cannot say that the findings of the chancellor are against the preponderance of the evidence. This is especially true in view of the fact that some of the title documents are not abstracted.

Affirmed on direct and cross-appeal.