Dale SMITH et al *v.* Peter G. ESTES
et al

75-153 533 S.W. 2d 190

Opinion delivered February 23, 1976
[Rehearing denied March 22, 1976.]

*Croxton, Boyer & Keith*, for appellants.

*John Bailey* and *Estes & Estes*, for appellees.

CONLEY BYRD, Justice. The appellants Dale Smith, et al, sought an appeal de novo, pursuant to Ark. Stat. Ann. § 48-311 (Supp. 1975), from the action of the Alcoholic Beverage Control Board permitting appellee By-Pass Beverage Co., an Arkansas corporation, to transfer a liquor permit in the City of Fayetteville from 231 Mill Street to 3118 South School Street. The trial court held that By-Pass Beverage Co. was a necessary party defendant and, since it was not made a party defendant within the 30 day time limit, dismissed the appeal. For reversal appellants contend that the appeal was taken within the 30 day period and that the order of the Alcoholic Beverage Control Board was subject to collateral attack as being null and void.

The record shows that on December 4, 1974, appellants filed a petition for appeal de novo from the decision of the Alcoholic Beverage Control Board in the trial court. In so far as here pertine. : the petition alleged:

"6. That on a date unknown to these Petitioners during the month of July, 1974, the said Peter G. Estes, Sr. acting both individually and as an officer and director of a proposed Arkansas Corporation, By-Pass Beverage Company, made application to the Alcohol Beverage Control Division, Department of Finance and Administration, State of Arkansas, for the transfer of liquor and beer permits issued to Ed Connell for a liquor store at 231 Mill Street, Fayetteville, Arkansas, from the said Ed Connell to the said Peter G. Estes, Sr. and the proposed corporation, namely, By-Pass Beverage Company.

7. That on a date unknown to the Petitioners during the month of September, 1974, the said Ed Connell made application to the said Alcohol Beverage Control

Division for a transfer of Liquor Permit No. 502 and Beer Permit No. 2147 from the premises located at 231 Mill Street to the premises located at 3118 South School Street, Fayetteville, Arkansas; and that the said application was made on behalf of himself and the said By-Pass Beverage Company.

8. That on or about October 9, 1974, the said Alcoholic Beverage Control Board authorized the transfer of liquor and beer permits issued to the said Ed Connell for a liquor store at 231 Mill street to the said Peter G. Estes, Sr., and the said permits are now in the name of the said Peter G. Estes, Sr.

9. That the said R. E. Brians, Administrator of the said Alcohol Beverage Control Division, on a date unknown to the Petitioners, denied the application for the transfer of the said liquor and beer permits from the premises at 231 Mill Street to the premises at 3118 South School Street, and the Defendant, Peter G. Estes, Sr., appealed the said Administrator's decision to the said Alcoholic Beverage Control Board. At a purported hearing on November 20, 1974, the said Alcoholic Beverage Control Board overruled the decision of the Administrator and authorized the transfer of the said liquor and beer permits from the premises at 231 Mill Street to the premises at 3118 South School Street. However, the said liquor and beer permits have not at this time been issued by the said Alcohol Beverage Control Division for the premises located at 3118 South School Street."

On January 29, 1975, both Peter G. Estes, Sr., and the Board filed motions to dismiss on the basis that By-Pass Beverage Co. was the real party in interest and that appellants had failed to make it a party to the appeal. Attached to the motions was an order of the Board reciting that the ruling was made on November 20, 1974. That order shows that By-Pass Beverage Co. was the applicant for transfer and the real party in interest. Also attached to the motions were certified copies of Liquor Permit No. 502 and Beer Permit No. 2147 issued on October 10, 1974, and Oc-

tober 24, 1974, respectively, showing By-Pass Beverage Co., d/b/a "Ozark Liquors," as holding the permits to do business at 231 Mill Street, Fayetteville.

On February 6, 1975, appellants filed their first amendment to their petition for appeal making By-Pass Beverage Co. a party defendant. The second amendment to the petition for appeal was filed on February 19, 1975, and for the first time made the following allegation:

"13. At a purported hearing on November 20, 1974, the said Alcohol Beverage Control Board reversed the decision of the said R. E. Brians, Administrator, and approved the transfer of the location of the aforesaid liquor and beer permits from the premises at 231 Mill Street to the premises at 3118 South School Street; however, the Order authorizing the aforesaid transfer of the aforesaid liquor and beer permits was not signed by the said Kenneth Davis, Chairman of the said Alcohol Beverage Control Board, or made and entered by the said Alcohol Beverage Control Board, until January 28, 1975."

On February 21, 1975, the trial court dismissed the appeal because By-Pass Beverage Co. was the real party in interest, and the appeal as to it had not been perfected within the 30 days allowed for perfecting such appeals.

To reverse the trial court, appellants rely upon Ark. Stat. Ann. § 48-1314 (Repl. 1964), which provides:

". . . Within five [5] days after the hearing is concluded the Board shall render its written opinion, decision or order on such appeal. A copy of such opinion, decision or order shall be mailed by the Board by registered mail to the applicant, licensee or protester, and a copy shall be also delivered or mailed by the Board to the Director. Such order and decision shall be final and binding on the Director and the applicant, licensee or protester. Provided, however, that an appeal may be taken from any order suspending or revoking a license as provided for in this Act."

To avoid the effect of the appellants' argument, appellees point out that appellants took affirmative action with knowledge of the facts and that under the authorities such action on the part of appellants should be treated as a waiver of the rendition and service of the Board's order. For this assertion appellees rely upon *State ex rel. Grant* v. *First Judicial District Court*, 38 Utah 138, 110 P. 981 (1910). In that case on March 27, 1909, in a trial to a jury, a verdict was returned in favor of Grant. Two days later, Jeppesen, the defendant, filed a written motion to vacate and set aside the judgment. The justice of the peace denied the motion on the same day it was filed. Jeppesen filed an appeal 44 days later. Grant, the plaintiff, moved to dismiss the appeal because it was not filed within the 30 days allowed for taking such appeals. Since it was conceded that no notice of the entry of judgment had been given, the district court denied Grant's motion to dismiss because of a Utah statute which provided:

> "Any person dissatisfied with a judgment rendered in a justice's court, whether the same was rendered on default or after trial, may appeal therefrom to the district court of the county at any time within thirty days after the rendition of any final judgment. Notice of the entry of the judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of said notice."

On a petition for prohibition, the Utah Supreme Court held that Jeppesen had waived the statutory notice in this language:

> "The rule, as declared by the weight of authority, seems to be that, when a statute provides that an appeal may be taken within a specified time after the service of notice of the rendition or the entry of judgment, a party seeking to limit the time of appeal is held to strict compliance with the statute. The party entitled to notice may have actual knowledge that the judgment has been rendered, but this alone is not sufficient to set the statute running. . . .

But these same authorities also hold that the party claiming to be aggrieved by the judgment may waive the giving of notice and by his own act set the statute running. Where, for example, a party dissatisfied with a judgment files a motion for a stay of execution, or by other direct proceeding attacks the judgment, and invokes the action of the court to relieve him, either wholly or in part, from the effect thereof, he will be deemed to have waived service of notice.

In 1 Spelling, New Tr. & App. Pr., sec. 363, the author, discussing the question of waiver of notice, says:

'It may not only be waived, but the party entitled to notice may do that which will estop him from denying that he has not been notified of the decision according to the statutory requirements. But even in that case his act may with propriety be spoken of as waiver. It constitutes a clear case of waiver for the movant to serve and file his notice of intention, or *file any paper reciting the filing of findings, without waiting to receive notice of the decision.*' "

We, too, conclude that appellants are bound by the recitations in their pleadings. Since they recited the findings of the Board on November 20, 1974, and made specific reference to permits # 502 and # 2147, they had full knowledge that By-Pass Beverage Co. was the real party in interest. Their failure to make By-Pass Beverage Co. a party seems to have occurred upon the theory that since the articles of incorporation for By-Pass Beverage Co. had not been filed in the County, it did not have corporate status. This theory on the part of appellants is completely contrary to the provisions of Ark. Stat. Ann. § 64-117(B) (Repl. 1966) which provides:

B. Upon the filing with the Secretary of State of the original articles of incorporation, corporate existence shall forthwith begin; and neither such corporate existence nor the right to do business as a corporation shall be postponed until a duplicate of such articles is filed with the County Clerk, . . . "

Appellants also contend that their motion for summary judgment should have been granted because the order of the Board was null and void under Ark. Stat. Ann. § 48-312 (Repl. 1964), which provides:

> "A permit issued to any person, pursuant to this section, for any premises shall not be transferable to any other person or to any other premises or to any other part of the building containing the permitted premises. It shall be available only to the person therein specified, and only for the premises permitted and no other."

We find no merit to this contention because the statute is a restriction on the permittee and not to any subsequent actions by the Board.

Affirmed.

GEORGE ROSE SMITH and FOGLEMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice. I cannot subscribe to the majority opinion in this case because I do not think it treats the question at issue. The question, as I see it, does not turn upon the time when appellants received notice of the order of the Alcoholic Beverage Control Board. The real issue is whether the time for giving notice of appeal runs from the date the board announced its order or from the time the written order was filed.

As I understand the record, appellants filed their appeal from action taken by the board on December 4, 1974. They did not make By-Pass Beverage Company a party. The written order of the board was not made until January 28, 1975. On January 29, motion to dismiss the appeal for failure to make By-Pass Beverage Company a party was filed. On February 6, 1975, appellants amended their petition filed December 4, 1974, to make this company a party to the appeal. There was a second amendment filed February 19, 1975. The motions to dismiss were renewed. The circuit court treated the matter thus:

On January 29, 1975, Separate Motions to dismiss

were filed by Peter G. Estes and the members of the Board to which were attached November 20, 1974, Order of the Board and copies of existing Permit No. 697 and No. 2965 showing permittee to be "By-Pass Beverage Co., Manager Agent: Peter G. Estes, Sr., 231 Mill Street, dated October 10, 1974, and October 24, 1974, respectively."

The motions of defendants contended that the real party involved By-Pass Beverage Co., a corporation, was not named or served by Petitioners and that Peter G. Estes, Sr. was served by an individual improperly and that the time for appeal of 30 days from November 20, 1974, Order had expired on December 20, 1974.

On February 6, 1975, Petitioners filed 1st Amendment to Petition to include "By-Pass Beverage Co., a corporation" as a defendant with Peter G. Estes, Sr.

*****

By-Pass Beverage Co., a corporation, was a necessary party to any appeal from the November 20, 1974, order and failure to name an indispensable party as defendant within 30 days makes the attempted appeal void and allows the November 20, 1974, order to become effective as of December 20, 1974, the expiration of 30 days.

The Motions for Summary Judgment filed February 19, 1975, by Petitioners is denied for failure to properly perfect an appeal within 30 days of and from November 20, 1974.

Later, on motion to vacate the order dismissing the appeal, the circuit court, in effect, confirmed its previous action, emphasizing the notice factor. I maintain that notice prior to the making of the written order is insignificant.

It does not appear to me that either Ark. Stat. Ann. § 48-1314 or § 48-1316 (Repl. 1964) governs an appeal by protesters. The action of the board seems to me to be

equivalent to the granting of a license. The statute (§ 48-1316) only fixes the time for appeal by a licensee. It provides:

> Within thirty (30) days after the mailing of the order of the Board, the licensee, if dissatisfied with the decision of the Board, may appeal to the Circuit Court of Pulaski County. The appeal shall be taken by the filing with the Clerk of the Circuit Court a transcript of the proceedings before the Board. The Circuit Court shall hear no new evidence on this appeal and shall render its judgment only on errors of law. An appeal from the judgment of the Circuit Court may be taken to the Supreme Court of Arkansas. [Acts 1951, No. 159, § 17, p. 331.]

If the time for appeal by a protestant is fixed by this section, then it is by analogy, i.e., that a protester should have the same time for appeal as the licensee. But this section does not permit evidence outside the record before the board to be introduced on appeal.

Appellant, however, relies upon the Arkansas Administrative Procedure Act, Ark. Stat. Ann. § 5-701 et seq (Supp. 1975). The Alcoholic Beverage Control Board is governed by that act. The act requires that proceedings for review be by petition in the circuit court. It must be filed "within 30 days after service upon petitioner of the agency's final decision." Ark. Stat. Ann. § 5-713 (Supp. 1975). This section permits testimony in the circuit court where, as here, irregularities in procedure not reflected in the record before the board are alleged.

It seems to me that every step taken by appellants was in conformity with § 5-713 and not in conformity with § 48-1316. It is crystal clear, however, that the 30 days allowed for appeal under § 48-1316 does not being to run until the *mailing* of the order of the board and under § 5-713 until the *service* upon the petitioner of the agency's final decision.

Even the Utah decision relied upon by the majority does not apply here. No appeal was taken as to By-Pass Beverage Company by the filing of the original petition. In the Utah

case the only party involved in the case was the party moving to dismiss. Even if it did apply, it is not in harmony with our own decisions.

Be that as it may, I think the amendment to the petition making By-Pass Beverage Company a party to the appeal was timely, because it was well within 30 days of the time that the order was signed, regardless of when or whether it was served.

Under our former statute allowing six months from the rendition (rather than entry) of a decree for appeal, we held that the time for appeal was not set in motion when the trial court made and submitted to counsel findings, concluding with this statement: "A decree in accordance with these findings will be signed by the Court when prepared and presented." Obviously, all parties had notice of these findings and their effect. But we held that the time for appeal did not start running until two weeks later when the decree was signed. *Bolls* v. *Craig*, 220 Ark. 880, 251 S.W. 2d 482. When the same statute was applicable, we held that the time for appeal did not commence to run until a sufficient written memorandum showing final disposition of the case had been made, even though the court's finding had been clearly made. *Poe* v. *Walker*, 183 Ark. 659, 37 S.W. 2d 866. The same principle was applied to a statute with a 30-day limitation. *Donley* v. *State*, 226 Ark. 49, 287 S.W. 2d 886.

After the present statute governing appeals to this court was passed, the approach taken was not materially changed. The only real change was statutory, i.e., the time for giving notice was set at 30 days and the time began to run, not from the rendition of the judgment, but from its entry. *Cranna* v. *Long*, 225 Ark. 153, 279 S.W. 2d 828. We held that this did not mean that a notice of appeal filed before entry of the judgment was void, but said that we did not mean to shorten the time within which a notice of appeal could be filed *after* the entry of the judgment. *Wilhelm* v. *McLaughlin*, 228 Ark. 582, 309 S.W. 2d 203.

In *Wilhelm* we quoted with approval from *Hays* v. *Dennis*, 11 Wash. 360, 36 P. 658. The quotation included this

language:

> *** The statutes governing appeals should be liberally construed, to the end that parties may have a review by this court of the rulings of the superior courts when they so desire. ***

We have also held that in *no event* will a litigant's time for filing notice of appeal to this court be less than 30 days after the entry of the judgment. *Zunamon* v. *Stevenson*, 247 Ark. 248, 445 S.W. 2d 102.

As I see it, a waiver, if there was one as to Estes, would not be a waiver as to By-Pass Beverage Company. An appeal as to Estes would not bar a subsequent timely appeal as to By-Pass Beverage Company. If we follow the rule of the majority opinion on appeals to this court we would have an intolerable situation. For example:

A judgment is rendered which is favorable to A and B. C, the losing party, files a notice of appeal insofar as the judgment in favor of A is concerned, without waiting for entry of the judgment. Although fully aware of the findings and judgment in favor of B, C does not file notice of appeal as to B until sometime more than 30 days after his first notice of appeal, but does file it within 30 days after the judgment is entered. We should have to hold that the appeal as to B was not timely. C, having full knowledge of the court's findings and conclusions when he filed the first notice, had waived the entry of the judgment so his notice as to B was not timely, and timely notice being jurisdictional, the appeal as to B would have to be dismissed. We shouldn't.

This 30-day limitation is a short one. We should view it liberally in favor of the right of review. We recognized in *Wilhelm* that a party might have valid reasons for taking the precaution of acting before the time limitation began to run. We should be extremely reluctant to hold that by doing so, he waived any rights, or lost any that he would otherwise have.

I am authorized to state that Mr. Justice George Rose Smith joins in this opinion.