Peggy BLANN, Benny Greenbaum, John Hanson, Ron Phillips, Trey Sutton, and the Arkansas Retail Beverage Association *v.* ALCOHOLIC BEVERAGE CONTROL BOARD and Lazette Mason

93-346 876 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered May 16, 1994

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Jacob Sharp, Jr.*, for appellants.

*Sam Hilburn* and *Dorcy Kyle Corbin*, for appellee Lazette Mason.

*Milton Lueken*, for appellee ABC.

RICHARD A. WILLIAMS, Special Justice. This appeal is from

an order of the Circuit Court of Pulaski County which affirmed a decision of the Alcoholic Beverage Control Board (ABC) approving the transfer to Lazette Mason of a retail liquor permit and a retail beer permit, both of which had been on inactive status for more than twelve months.

When the prior owner of the two permits went out of business in 1990, the ABC put the permits on inactive status for a period of six months. The ABC twice extended the inactive status of the permits.

On February 7, 1992, the permits were sold to Mason without the approval of the ABC.

On March 6, 1992, the ABC issued a Notice of Hearing to the prior owner of the permits, setting March 17, 1992, as the date for a hearing to determine whether the permits should be continued, suspended, or revoked. Before the date set for the hearing, Mason applied to the ABC to approve the transfer of the permits to her.

On May 20, 1992, the ABC approved the transfer of the permits to Mason over the objection of appellants. The location for which Mason was granted the right to use the permits had been occupied by another permittee whose permit was revoked within one year preceding the Mason application.

Appellants have raised three points on appeal:

First, that the ABC acted illegally in extending the inactive status of the permits beyond the six-month period provided in ABC Reg. § 1.80.

Second, that the ABC violated ABC Reg. § 1.32 in approving a permit location for which a permit had been revoked within one year preceding the Mason application.

Third, that the transfer of the permits to Mason violated Ark. Code. Ann. § 3-4-201 which imposes a quota for new permits.

Appellees contend that appellants lack standing to protest the ruling of the ABC.

## 1. EXTENSION OF INACTIVE STATUS

Prior to Act 779 of 1993 which was enacted and became effective after the ABC approval of the transfer of the permits to Mason, the only statutory reference to an inactive permit was contained in Ark. Code Ann. § 3-4-219 (d) which provides that a permit "shall remain valid until revoked or suspended" so long as the annual permit fee is paid.

ABC Reg. § 1.80 is the only Regulation of the ABC which deals with inactive permits. It provides that no permit shall remain on inactive status for a period in excess of six months.

Appellants contend that the permits were revoked automatically after having been inactive for six months because ABC Reg. § 1.80 imposes a six-month limit on inactive status. We do not agree.

ABC Reg. § 1.80 puts a permittee on notice that the ABC may revoke a permit after it has been on inactive status for six months. The Regulation does not prevent the ABC from extending inactive status for an additional period of time. By way of analogy, Ark. Code Ann. § 3-4-217 on its face operates as a complete bar to any transfer of a permit, but we held in *Smith* v. *Estes*, 259 Ark. 337, 533 S.W. 2d 190 (1976), that "the statute is a restriction on the permittee and not to any subsequent actions by the Board."

The Director of the ABC testified that he extended the inactive status of the permits on two occasions with the approval of the Board and that he "routinely" extended the inactive status of a permit if the owner was making a reasonable effort to sell it. The ABC never revoked the permits. Absent such revocation, the permits remained on inactive status until their transfer to Mason was approved.

We note in passing that Act 779 of 1993 amended Ark. Code Ann. § 3-4-201 to set forth detailed procedures for the ABC to use in handling inactive permits. Nothing in Act 779 is inconsistent with our interpretation of ABC Reg. § 1.80.

## 2. PERMIT LOCATION

Although ABC Reg. § 1.32 does forbid the issuance

of a permit for a location for which a permit has been revoked within one year of the application, we hold that this Regulation does not preclude the ABC from approving the transfer of a permit to such a location. *Smith* v. *Estes, supra.*

### 3. QUOTA ON NEW PERMITS

Ark. Code Ann. § 3-4-201 (c)(2) restricts the issuance of "new" permits to one for every additional 4,000 population within the area. Appellants contend that the approval of the transfer of the permits to Mason created new permits. We do not agree.

Subsection (A) of Ark. Code Ann. § 3-4-201 (c)(2) provides as follows:

"(A) *Additional* permits may be issued on a ratio of one (1) for every additional four thousand (4,000) population within the area." (Emphasis added.)

We conclude, therefore, that the term "new permit" applies to a permit which increases the overall number of permits. It does not apply to a formerly inactive but unrevoked permit which has been transferred to a new owner with ABC approval.

Our decision to affirm this case eliminates any necessity to discuss the standing of the appellants.

Affirmed.

Special Justice BRADLEY D. JESSON joins in this opinion.

Special Justice WILLIAM CLAY BRAZIL and DUDLEY and NEWBERN, JJ., dissent.

GLAZE, CORBIN, and BROWN, JJ., not participating.

WILLIAM CLAY BRAZIL, Special Justice, dissenting. The issue raised on appeal is whether Mason's permit was a new permit or a transfer of an existing permit.

ABC Reg. Section 1.80 provides that "no permit shall remain on an inactive status for a period in excess of six (6) months."

The predecessor owner to Mason of the permit in question requested, by letter dated July 19, 1991 addressed to the ABC, that she be given an additional six (6) months extension of the

inactive status. At that point, the permit had already been on inactive status for at least one six (6) month period.

On July 23, 1991, the ABC acknowledged the request and granted an additional extension until January 9, 1992, at the end of which time it provided that it would be necessary to have on file a transfer of permit application and that no further extensions would be approved.

The request to transfer the permit was not made until after the owner of the permit had been notified by the ABC that a hearing was to be held on March 17, 1992 on the charge that the permit in question had expired on June 30, 1991.

Based on ABC Reg. Section 1.80 and its own letters to Mason's predecessor in title, the permit had expired. Therefore, the issuance of the permit to Mason constituted the granting of a new permit which caused the number of retail liquor permits to exceed the number allowed in Little Rock and Pulaski County established by Ark. Code Ann. § 3-4-201.

The Appellants and those dealing with the ABC are entitled to rely upon the ABC's published regulations. If they are not, there would be, as argued by the Appellant, potential for abuse by an administrative body by altering or disregarding its own regulations.

For these reasons, I would reverse the decision of the trial court and the ABC Board with instructions for the trial court to enter an order consistent with this opinion.

I respectfully dissent.

DUDLEY and NEWBERN, J.J., join in this dissenting opinion.